THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMARTWINGS, A.S., A CZECH REPUBLIC COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, A DELAWARE CORPORATION,<br><br>   Defendant. | No. 2:21-cv-918-RSM<br><br>THE BOEING COMPANY'S MOTION FOR PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR: AUGUST 27, 2021 |

## I.  INTRODUCTION AND BACKGROUND

Pursuant to Federal Rule of Civil Procedure 26, the Court's inherent authority to control its docket, and the Court's order in a related action limiting initial discovery to plaintiff's breach of contract claim pending its ruling on a motion to dismiss, *Wilmington Trust Co. v. The Boeing Co.*, Dkt. No. 56, No. 2:20-cv-00402-RSM-MAT (W.D. Wash. Oct. 14, 2020) ("Protective Order"), Defendant The Boeing Company ("Boeing") respectfully moves this Court for a similar protective order to sequence discovery, limiting the first stage of discovery to Plaintiff's breach of contract claims—which are not the subject of Boeing's motion to dismiss—and to materials identifiable without searches of individual custodians' electronically stored information ("ESI"), while staying additional discovery until after the resolution of that motion.

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

92387518

In *Wilmington Trust*, Boeing moved to dismiss the plaintiffs' non-contract claims and sought a protective order limiting early discovery to contract-related issues to prevent undue burden and expense and to promote "the just, speedy, and inexpensive determination" of the proceedings. *Wilmington Trust*, Dkt. No. 43, No. 2:20-cv-00402-RSM-MAT (W.D. Wash. Aug. 5, 2020), at 3, 7. The Court agreed, deeming it "reasonable" to require the parties to focus first on the breach of contract claim. Protective Order at 7. Specifically, the Court entered a protective order that (1) "limit[ed] discovery to plaintiffs' breach of contract claim and to materials identifiable without searches of individual custodians' ESI" and (2) stayed "remaining discovery . . . pending a ruling on the motion to dismiss." *Id.* That approach mirrored the approach taken by the Northern District of Illinois in a similar MAX-related action, *Timaero Ireland Limited v. The Boeing Company*. *See* Protective Order at 6 n.2 (citing Dkt. No. 44, No. 19-cv-8234 (N.D. Ill.)).

This action involves factual and legal issues that are substantially similar to those in *Wilmington Trust* and *Timaero*, and a substantially similar approach to discovery is warranted here. Like the *Wilmington Trust* and *Timaero* actions, this action centers on a contract dispute between Boeing and a customer (here, Plaintiff Smartwings) regarding the sale of MAX aircraft. Like the plaintiffs in *Wilmington Trust* and *Timaero*, Smartwings has asserted several non-contract claims in addition to its contract claims. And as it did in *Wilmington Trust* and *Timaero*, Boeing has moved to dismiss Smartwings' non-contract claims. *See* Dkt. No. 15. Boeing's motions to dismiss in *Wilmington Trust* and *Timaero* were previously granted in whole or in part. *See Wilmington Trust*, Dkt. No. 70, No. 2:20-cv-00402-RSM-MAT (W.D. Wash. Feb. 26, 2021), at 15 (dismissing plaintiffs' Washington Product Liability Act and Washington Consumer Protection Act claims); *Timaero Ireland Ltd.*, Dkt. No. 82, No. 1:19-cv-08234 (N.D. Ill. Mar. 15, 2021) (dismissing plaintiff's non-contract claims in full).

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

92387518

Boeing therefore moves for a protective order sequencing discovery under Federal Rule of Civil Procedure 26(c), pending the Court's ruling on Boeing's motion to dismiss. As Boeing explains below, good cause exists to sequence discovery.

## II.     ARGUMENT

This Court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Rule 26(c) of the Federal Rules of Civil Procedure empowers district courts to enter protective orders staying discovery for "good cause," including "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes the authority to sequence discovery pending resolution of a dispositive motion. *See Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to . . . dictate the sequence of discovery."); *Simms v. Sinclair*, No. 3:19-cv-05323-RBL-JRC, 2019 WL 5862812, at *1 (W.D. Wash. Nov. 8, 2019) (noting that a stay of discovery is appropriate "where a pending dispositive motion is (1) potentially dispositive of the . . . issue on which discovery is sought and (2) can be decided without additional discovery" (quotation marks omitted)); *Igielski v. Riversource Life Ins. Co.*, No. 2:15-cv-00313-RAJ, 2015 WL 12025324, at *2 (W.D. Wash. May 22, 2015) ("In an appropriate case, it makes sense to delay discovery while a dispositive motion is pending."); *see also Wood v. McEwen*, 644 F.2d 797, 801–02 (9th Cir. 1981) (affirming stay of discovery because there was a "real question" to resolve on the motion to dismiss and no risk of prejudice from the delay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay of discovery when the district court took the allegations in the complaint as true and defendant's motion to dismiss raised no factual issues).

Boeing seeks a protective order that sequences discovery into two stages, which would parallel the approach this Court adopted in *Wilmington Trust* and another court adopted in *Timaero*. *See Little*, 863 F.2d at 685. The first stage would include discovery on Smartwings' breach of contract claims, and it would be limited to materials that are identifiable without searches of individual custodians' ESI. The second stage would cover any other claims that remain after the

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

92387518

Court resolves Boeing's motion to dismiss, as well as searches of individual custodians' ESI. ESI discovery from individual custodians would occur in this second stage so that one set of electronic search terms and protocols could be used for all discovery, which would help "secure the just, speedy, and inexpensive determination" of the proceedings. *See* Fed. R. Civ. P. 1.

There is good cause to enter a protective order sequencing discovery. *First*, a protective order would protect Boeing from undue burden and expense. *See* Fed. R. Civ. P. 26(c). Smartwings has served Boeing with voluminous discovery requests, including 71 Requests for Production, 75 Requests for Admission, and seven Interrogatories. *See* Declaration of Eric J. Weiss ("Weiss Decl."), Ex. A. Those requests are nearly identical to the ones served in *Wilmington Trust*, which the Court described as "broad and sweeping" and likely to "impose a significant burden on Boeing" in the absence of a protective order. *See* Protective Order at 5; *see also* Weiss Decl. Exs. B–D. Indeed, despite the number and scope of Smartwings' requests, few of them address the actual transactions between the parties. *See* Weiss Decl. Ex. A. As Magistrate Judge Theiler explained in *Wilmington Trust*, "Should Boeing succeed in dismissing all but the non-contractual claims, a significant reduction in the materials properly subject to discovery appears likely." Protective Order at 6.

*Second*, the protective order Boeing seeks is limited and would not prejudice Smartwings in any way. *See, e.g.*, *Silbaugh v. Chao*, No. C17-1759RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (Martinez, J.) (finding no prejudice in entering a protective order when discovery would not help the plaintiff respond to a pending motion to dismiss). Boeing is not asking the Court for a full stay of discovery. Instead, it merely asks that the Court defer non-contract discovery until resolution of the motion to dismiss, as the Court did in *Wilmington Trust*. If the Court grants Boeing's motion for a protective order, Smartwings would still be able to conduct discovery into its contract claims (other than ESI discovery from individual custodians) while the motion to dismiss is pending.

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

92387518

Further, any delay is "unlikely to be protracted" because the protective order would be lifted when the Court resolves the pending motion to dismiss. *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. 2:05-cv-00058-RSL, 2010 WL 11682231, at *1 (W.D. Wash. Dec. 16, 2010) (staying discovery pending resolution of a motion to dismiss because "a delay of a few more months is unlikely to result in any significant loss of discovery material"). Boeing filed that motion on July 30, and briefing will be complete in August. Thus, as was true in *Wilmington Trust*, "should Boeing not prevail, any additional delay in the resumption of full discovery is not likely to be significant." Protective Order at 6. And no discovery is needed to resolve Boeing's Rule 12(b)(6) motion to dismiss, which will be addressed on the pleadings. *See Rae*, 725 F.2d at 481 (holding that a stay of discovery was appropriate when the defendant's 12(b)(6) motion could be resolved on the pleadings and without fact discovery).

*Third*, some or all of Smartwings' non-contract claims are likely to be dismissed. *See Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, No. C19-1050-JCC, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020) (noting that courts can take a "preliminary peek" at the pending dispositive motion when ruling on a protective order). Boeing has moved to dismiss Claims 3 through 7, which allege breach of the implied covenant of good faith and fair dealing (Claim 3), fraud and misrepresentation (Claims 4 and 5), and violations of the Washington Consumer Protection Act ("WCPA") and Washington Product Liability Act ("WPLA") (Claims 6 and 7). This Court previously dismissed similar WCPA and WPLA claims in *Wilmington Trust*, and the Northern District of Illinois dismissed the plaintiff's claims for fraud and good faith and fair dealing in *Timaero*. *See Wilmington Trust*, Dkt. No. 70, No. 2:20-cv-00402-RSM-MAT (W.D. Wash. Feb. 26, 2021), at 15; *Timaero Ireland Ltd.*, Dkt. No. 82, No. 19-cv-8234 (N.D. Ill. Mar. 15, 2021) (dismissing plaintiff's non-contract claims in full).

*Fourth*, there is no risk that any data would be lost if the Court grants this motion. As the Court noted in *Wilmington Trust*, Boeing has in place litigation holds and document-storage redundancies covering the documents and information Smartwings seeks. *See* Protective Order at

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 5

92387518

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

6 (citing Boeing's document-retention policies for the same documents sought in *Wilmington Trust*).

*Finally*, a stay would preserve judicial resources (and the parties' resources) "because the Court will not be required to address potential motions related to discovery issues that may become moot." *Ctr. for Diagnostic Imaging*, 2010 WL 11682231, at *2; *see also* Protective Order at 6 ("Because it is clear the parties disagree on the proper scope of discovery, a partial stay will serve to preserve judicial resources to allow for consideration of the dispositive motion without the need to address discovery disputes.").

In sum, Boeing's motion to dismiss, if granted, will narrow the issues, focus any subsequent discovery, and conserve the resources of the parties and the Court. The Court should therefore exercise its discretion and enter a protective order sequencing discovery until that motion is resolved.

### III.   ATTORNEY CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 26(c) and LCR 26(c), counsel for Boeing certifies that they conferred in good faith and were unable to reach an accord with Smartwings' counsel concerning the motion for protective order sequencing discovery. This conference took place via WebEx at 2:00 p.m. on August 10, 2021, and was attended by Eric J. Weiss, Ulrike Connelly, and Laura Hill of Perkins Coie LLP on behalf of Boeing and Callie Castillo of Lane Powell PC on behalf of Smartwings.

### IV.   CONCLUSION

For the reasons set forth above and those in this Court's *Wilmington Trust* Protective Order, Boeing respectfully requests that the Court enter a protective order sequencing discovery by allowing limited discovery into Smartwings' breach of contract claims but deferring other discovery until the Court rules on Boeing's motion to dismiss.

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 6

92387518

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | | |
|---|---|---|
| 1 | Dated this 12th day of August 2021 | By: *s/ Eric J. Weiss* |
| | | Harry H. Schneider, Jr. (WSBA No. 9404) |
| 2 | | Eric B. Wolff (WSBA No. 43047) |
| 3 | | Eric J. Weiss (WSBA No. 44807) |
| | | Ulrike B. Connelly (WSBA No. 42478) |
| 4 | | Gregory F. Miller (WSBA No. 56466) |
| | | Laura C. Hill (WSBA No. 49229) |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: HSchneider@perkinscoie.com
Email: EWolff@perkinscoie.com
Email: EWeiss@perkinscoie.com
Email: UConnelly@perkinscoie.com
Email: GMiller@perkinscoie.com
Email: LHill@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

BOEING'S MOTION FOR PROTECTIVE ORDER
(No. 2:21-cv-918-RSM) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

92387518