CHIEF JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMARTWINGS, A.S., a Czech Republic Company,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>　　　　　　　　　　　Defendant. | Case No.  2:21-cv-00918-RSM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTED FOR CONSIDERATION:<br>October 13, 2021 |

1.  　　PURPOSES AND LIMITATIONS

　　Discovery in this action is likely to involve production of confidential, export controlled, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This Order shall not require production of documents, materials, or information that the parties are prohibited from disclosing pursuant to Annex 13 ¶ 5.26(b) and 49 C.F.R. §§ 831.13, 831.22(c).

2.  　　DEFINITIONS

　　2.1 　　"Confidential" Material. "Confidential" material shall include the following

documents and tangible things produced or otherwise exchanged: (a) information prohibited from disclosure by statute; (b) non-public information about Boeing airplane sales and servicing contracts; (c) non-public information about the design, manufacturing, certification, marketing, sale, delivery, and performance of Boeing airplanes; (d) non-public information about revenue, pricing, profitability, or competition-sensitive material; and (e) non-public personal information of individuals, including medical information, tax information, and personnel records. Information or documents that are available to the public may not be designated as Confidential, except documents that are Export Controlled Information. In the event either party produces documents designated as Confidential that the other believes do not fall within one of the above categories, the parties will meet and confer to confirm the propriety of the designation or the necessity of proposing an amendment to this Protective Order.

    2.2    <u>"Attorneys' Eyes Only" Information</u>. As used in this Order, "Attorneys' Eyes Only" information shall be used only for documents containing information that the producing party reasonably believes to be so highly sensitive that it could cause it significant competitive harm if revealed to an employee of the receiving party. Attorneys' Eyes Only information includes highly sensitive strategic corporate information related to financial or pricing information, or information about confidential third-party agreements. Attorneys' Eyes Only material shall not include any information that has been made public or that it is legitimately subject to public disclosure. The parties agree to take care, when reviewing families of documents, to designate as Attorneys' Eyes Only only the individual documents or information that are entitled to that designation and to cooperate to promptly correct any over-designation. All Attorneys' Eyes Only information is also Confidential material.

    2.3    <u>"Export Controlled Information."</u> As used in this Order, "Export Controlled Information" means information, technical data, and/or technology that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq.*, and/or the International Traffic in Arms Regulations, which implement the Arms Export Control

Act ("ITAR"), 22 C.F.R. §§ 120.1, *et seq*. Export Controlled Information may or may not also be Confidential material.

3. SCOPE

The protections conferred by this agreement cover not only Confidential material and Export Controlled Information (as defined above), but also (1) any information copied or extracted from Confidential material or Export Controlled Information; (2) all copies, excerpts, summaries, or compilations of Confidential material or Export Controlled Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material or Export Controlled Information. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, with the exception of Export Controlled Information.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL OR EXPORT CONTROLLED INFORMATION

4.1 Basic Principles. A receiving party may use Confidential material or Export Controlled Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material and Export Controlled Information may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material and Export Controlled Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of Confidential Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the document or material is designated

Attorney's Eyes Only, in which event such document or material may be disclosed only to in-house litigation counsel employed by the receiving party and who have been previously disclosed to the disclosing party, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but not to other officers, directors, or employees of the receiving party;

(i) Any party that does not have in-house litigation counsel may designate one in-house counsel, or other employee who is not involved in corporate strategic decision-making related to financing or pricing, who may view documents or material designated Attorney's Eyes Only;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however, that Confidential material may be disclosed only to an expert or consultant who is not a customer, supplier, or competitor of the disclosing party, unless a court order is obtained permitting such disclosure;

(d) the court, court personnel, and court reporters and their staff;

(e) copy, imaging, or e-discovery services retained by counsel to assist in the processing of Confidential material, provided that counsel for the party retaining those vendors instructs the service not to disclose any Confidential material to non-parties and to immediately return all originals and copies of any Confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Disclosure of Export Controlled Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Export Controlled Information only to the non-parties or entities identified in Paragraph 4.2(a)-(g), provided that no person who is not lawfully able to review Export Controlled Information shall be allowed to review Export Controlled Information.

4.4     Filing Confidential Material. Before filing Confidential material or Export Controlled Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential or Export Control Information designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential or Export Controlled Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL, W.D. Wash. Case No. 2:21-cv-00918-RSM" to each page that contains Confidential material; "ATTORNEYS' EYES ONLY, W.D. Wash. Case No. 2:21-cv-00918-RSM" to each page that contains Attorneys' Eyes Only Information; "EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. Case No. 2:21-cv-00918-RSM" to each page that contains Export Controlled Information; "ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. Case No. 2:21-cv-00918-RSM" to each page that contains both Attorneys' Eyes Only Information and Export Controlled Information; and "CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM" to each page that contains both Confidential material and Export Controlled Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial

proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information. If a party or non-party desires to protect Confidential, Attorneys' Eyes Only, and/or Export Controlled Information at trial, the issue should be addressed during the pre-trial conference.

      (c)   <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL, W.D. Wash. Case No. Case No. 2:21-cv-00918-RSM"; "ATTORNEYS' EYES ONLY, W.D. Wash. Case No. 2:21-cv-00918-RSM"; "EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM"; "ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM"; or "CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   <u>CHALLENGING CONFIDENTIAL, ATTORNEYS' EYES ONLY, OR EXPORT CONTROL INFORMATION DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Confidential, Attorneys' Eyes Only, or Export Control Information at any time. Unless a prompt challenge to a party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after

the original designation is disclosed. Absent extraordinary circumstances, no additional designations may be made after 14 days prior to the deadline for Plaintiff's initial pre-trial statement.

6.2     <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

7.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL, W.D. Wash. Case No. Case No. 2:21-cv-00918-RSM"; "ATTORNEYS' EYES ONLY, W.D. Wash. Case No. Case No. 2:21-cv-00918-RSM"; "EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM"; "ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM"; or "CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-00918-RSM," that party must:

        (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

        (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose designated material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential, Attorneys' Eyes Only, or Export Controlled Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    9.1    <u>Inadvertent Production of Privileged or Protected Material</u>. The parties recognize that certain Confidential or other material relevant to the claims and defenses in this action may be protected by, and subject to, a claim of privilege or similar protection. Pursuant to Federal Rule of Evidence 502(d), if, in connection with this action, a producing party inadvertently produces or discloses information subject to any privilege or similar protection ("Inadvertently Produced Information"), such disclosure or production shall be without prejudice to the producing party's claim that such information is privileged or protected, and no producing party shall be held to have waived any rights by such inadvertent production or disclosure, so long as the producing party promptly provides notice to all parties of the production of Inadvertently Produced Information.

Within two business days of providing notice, the producing party shall provide privilege log entry/entries covering such Inadvertently Produced Information. Specifically, the provisions of Federal Rule of Evidence 502(b)(2) and (b)(3) are inapplicable to the production of Inadvertently Produced Information in this action. Once a producing party provides the notice to the other parties regarding the production of Inadvertently Produced Information, the other parties shall: (i) promptly return the Inadvertently Produced Information along with all duplicates in paper form, (ii) remove any electronic version of the Inadvertently Produced Information from its electronic databases, (iii) provide a certification of counsel that all such Inadvertently Produced Information has been returned or destroyed, and (iv) not duplicate the Inadvertently Produced Information or distribute it by any means other than returning it to the producing party (if needed). Nothing in this paragraph or order curtails a party's right to challenge the propriety of a designation or privilege assertion with the Court, or to assert that the holder of the privilege failed to take reasonable steps to prevent disclosure or failed to promptly take reasonable steps to rectify the error.

       9.2.    Deadline for Claw Back. Absent extraordinary circumstances, no party may seek to claw back a document after 14 days prior to the deadline for Plaintiff's initial pre-trial statement and where the producing party had at least ten days' actual notice prior to 14 days prior to the deadline for Plaintiff's initial pre-trial statement that the document at issue had been produced.

       9.3    <u>Receipt of Inadvertently Produced Information</u>. If a party receives Confidential or other material that reasonably appears to be subject to a privilege or protection and to have been provided through inadvertence, the receiving party must refrain from examining the Confidential or other material any further and shall promptly notify the producing party in writing that the party possesses it.

       9.4    <u>Description of Inadvertently Produced Information</u>. In connection with any motion or dispute before the Court regarding the designation of Confidential or other material as subject to a privilege or protection, nothing in this Order shall prohibit any party from describing such Confidential or other material in such a manner as does not violate the privilege or protection.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential, Attorneys' Eyes Only, or Export Controlled Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential, Attorneys' Eyes Only, or Export Controlled Information.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                    LANE POWELL PC

DATED: 10-08-21             By:   *s/ Callie A. Castillo*
                                  David M. Schoeggl, WSBA No. 13638
                                  Callie A. Castillo, WSBA No. 38214
                                  Joseph D. Adamson, WSBA No. 54752
                                  1420 Fifth Avenue, Suite 4200
                                  P.O. Box 91302
                                  Seattle, Washington 98111-9402
                                  Telephone:  206.223.7000
                                  schoeggld@lanepowell.com
                                  castilloc@lanepowell.com
                                  adamsonj@lanepowell.com
Attorneys for Plaintiff SMARTWINGS, a.s.


                                PERKINS COIE LLP

DATED: 10-08-21             By:   *s/ Ulrike B. Connelly*
                                  Harry H. Schneider, Jr., WSBA No. 9404
                                  Eric J. Weiss, WSBA No. 44807
                                  Eric B. Wolff, WSBA No. 43047
                                  Ulrike B. Connelly, WSBA No. 42478
                                  Gregory Miller, WSBA No. 56466
                                  Laura C. Hill, WSBA No. 49229
                                  1201 Third Avenue, Suite 4900
                                  Seattle, WA 98101-3099
                                  Telephone: 206.359.8000
                                  HSchneider@perkinscoie.com
                                  EWeiss@perkinscoie.com
                                  EWolff@perkinscoie.com
                                  UConnelly@perkinscoie.com
                                  GMiller@perkinscoie.com
                                  LHill@perkinscoie.com
Attorneys for Defendant The Boeing Company

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d) and the provisions of this Order, the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. The parties therefore need not comply with any other requirements, including those set forth by Fed. R. Evid. 502(b), in order to preserve the privilege.

DATED: October 18, 2021

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Smartwings a.s. v. The Boeing Company*, Case No. 2:21-cv-00918-RAJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____