CHIEF JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMARTWINGS, A.S., a Czech Republic Company,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No. 2:21-cv-00918-RSM<br><br>**STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>**AND**<br><br>**ORDER**<br><br>NOTE ON MOTION CALENDAR:<br>November 2, 2021 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.  General Principles**

1.  An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.  As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application

of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3. Nothing in this Order shall preclude the producing party from collecting or producing additional materials beyond those identified pursuant to the procedure described herein.

4. The parties agree that the producing party is under no obligation to identify the request for production to which a particular document is responsive, nor is the producing party obligated to identify (by Bates Numbers or otherwise) which documents are being produced in response to a particular request for production.

**B.    ESI Disclosures**

1. Within 14 days of entry of either (i) a final order denying Boeing's Motion for Protective Order (ECF No. 18, "PO Motion"), or (ii) if the PO Motion is granted, a final order denying (in whole or part) the Motion to Dismiss (ECF No. 15),[1] each party shall disclose:

a. <u>Custodians</u>. The ten custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control. A party may identify fewer than ten custodians if the party determines in good faith and in compliance with Fed. R. Civ. P. 26 that fewer custodians possess discoverable ESI.

b. <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, most likely to contain discoverable ESI.

c. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

---

[1] The parties may mutually agree to different time periods than those set forth in this ESI protocol.

STIPULATED ESI PROTOCOL - 2
No. 2:21-cv-00918-RSM

        d.     <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

    2.    <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI disclosure or other discovery request.

    3.    <u>Additional Custodians and Sources</u>. Any other party may identify additional custodians or non-custodial data sources that may have relevant information related to the claims or defenses to be collected, searched, and/or produced. If a producing party declines to include in the collection process any custodian or data source identified by another party, the matter shall be disclosed to the requesting party and may be submitted to the Court for determination.

    4.    <u>Duty to Supplement</u>. The parties shall timely supplement their disclosures to the extent new custodians or non-custodial data sources are identified.

    5.    <u>Other Disclosures.</u> Upon reasonable request, a party shall disclose information relating to network design, the types of databases, database dictionaries, the access control list and security access logs and rights of individuals to access the system and specific files and applications, the ESI document retention policy, organizational chart for information systems personnel, or the backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy.

**C.**    **ESI Discovery Procedures**

    1.    <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

STIPULATED ESI PROTOCOL - 3
No. 2:21-cv-00918-RSM

2. <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

  a. <u>Prior to running searches</u>.

    i. Within 21 days of submitting responses and objections to any request for production, the producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information (the producing party's "Initial Search Terms or Queries"). The producing party may provide unique hit counts for each search query. The producing party shall make a good faith effort to propose Initial Search Terms or Queries and data sources proportional to each of the requesting party's requests for production.

    ii. The requesting party is entitled to, within 14 days of the producing party's disclosure, add (1) no more than 20 search terms or queries to the Initial Search Terms or Queries disclosed by the producing party and (2) no more than five total additional Custodians or non-custodial data sources, provided that the addition of terms, Custodians, or sources is not overly burdensome. The parties may request relief from the Court on a showing of good cause as to any Initial Search Terms or Queries in dispute or the need for additional Initial Search Terms or Queries or data sources, including if the producing party's Initial Search Terms or Queries are not sufficient to account for each of the requesting party's requests for production.

    iii. The following provisions apply to search terms or queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single

STIPULATED ESI PROTOCOL - 4
No. 2:21-cv-00918-RSM

search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results, and a counter proposal correcting the overbroad search or query. A search that returns more than 1,500 unique documents, excluding families, is presumed to be overbroad.

b. <u>Production</u>. The producing party shall begin production of responsive and discoverable ESI as soon as reasonably practical pursuant to the parties' chosen discovery methods (*e.g.*, using ESI tools to make review more efficient) after submitting responses and objections to any request for production, and the parties agree that the productions may be made on a rolling basis, subject to good faith compliance with the discovery cut-off and case schedule.

c. <u>After production</u>. Within 21 days of the producing party notifying the requesting party that it has substantially completed the production of documents responsive to a request, the requesting party may request no more than 20 additional search terms or queries (the requesting party's "Additional Search Term or Query"), provided that the addition of terms or queries is not overly burdensome, and either the parties agree to the addition of terms/queries or the requesting party has shown good cause for doing so. The producing party will provide a unique hit count (*i.e.*, documents that do not hit on other search terms or queries, that have not been produced previously, and that have been de-duped within the set) for each Additional Search Term or Query, and the parties will reach an agreement on the Additional Search Terms or Queries to be used before the producing party produces documents hitting on these Additional Search Terms or Queries. In assessing the burden associated with adding search terms or queries, the producing party may consider the unique hit counts. A search that returns more than 1,500 unique documents, excluding families, is presumed to be overbroad.

3. <u>Predictive Coding, Technology Assisted Review, and Advanced Analytics</u>. The parties may use reasonable techniques to further identify relevant or irrelevant documents,

STIPULATED ESI PROTOCOL - 5
No. 2:21-cv-00918-RSM

132370.0001/8758692.1

including, but not limited to, predictive coding, other technology-assisted review, and/or any form of advanced analytics. If the producing party intends to use such tools, the parties will meet and confer about the use of such technologies before they are applied to attempt to reach reasonable agreement in advance of their use. Either party may in good faith request reasonable, non-privileged, non-work-product information about the software and methodology used for the review sufficient to evaluate the reasonableness of the review.

4. <u>Timing</u>. The parties will make good faith efforts to substantially complete production related to then-outstanding discovery requests 90 days before the close of fact discovery to allow the parties to evaluate document productions and serve any follow-up discovery requests or necessary discovery motions within the time allowed for discovery by the Court's scheduling order.

5. <u>Format</u>.

a. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. The parties will produce documents in black and white or, if the original file is in color, may produce in color using JPEG format, but either party may reasonably request color production files from the producing party.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, including spreadsheets, slideshows, databases, and drawing files, will be produced in native format. Upon reasonable request, a party should produce a file in a native format that was previously produced as a TIFF file.

c. Each document image file shall be named with a unique number (Bates Number). When a text-searchable image file is produced, the producing party must take reasonable

STIPULATED ESI PROTOCOL - 6
No. 2:21-cv-00918-RSM

132370.0001/8758692.1

steps to preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

        d.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

        e.      The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension). In the case of files with redacted text, OCR'd text of the redacted documents may be provided in lieu of extracted text, with the exception of spreadsheets.

        f.      All productions will be provided with a document-level database load file in standard Concordance (DAT) delimited format. All image data should be delivered with a corresponding image load file in the following format: Opticon (OPT). The total number of image files referenced in the image load file should match the total number of images in the production delivery. "Load file" means a file that relates to a set of scanned images or electronically processed files that indicates where individual pages or files belong together as documents, to include attachments, and where each document begins and ends. A load file may also contain data relevant to the individual documents, such as selected metadata, coded data, and extracted text.

        g.      All ESI shall be processed with a single time zone and a date and time setting that is consistent across that party's productions. The time zone used shall be either Pacific Daylight Time (PDT) or Coordinated Universal Time (UTC).

        h.      Notwithstanding the parties' stipulations herein, upon reasonable request made by the requesting party, the parties shall confer regarding the production in an alternate format of a document previously produced in accordance with this Agreement and Order.

STIPULATED ESI PROTOCOL - 7
No. 2:21-cv-00918-RSM

6. <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique, most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

7. <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process must be tracked in a duplicate/other custodian field in the database load file.[2] The parties will disclose the methodology used for de-duplication after reasonable request.

8. <u>Metadata fields</u>. The parties agree to produce the following metadata fields, if associated with the electronic document. The parties are under no obligation to manually populate these fields. Because different platforms use different nomenclature for these metadata fields, the below offers a common name and description, with the expectation that each party produce that field or its substantial equivalent. If any field is impracticable to produce for either party, the party shall disclose the field(s) that they are unable to produce to the opposing party.

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| BegBates | First Bates Number (Production number) of an item. | x |
| EndBates | Last Bates Number (Production number) of an item.<br><br>**The EndBates field should be populated for single-page items. | x |

---

[2] ESI shall be filtered for file type using an acceptable industry standard exclusion list or process based on the National Software Reference Library and commonly known as the "NIST List." The parties recognize that to reduce the document review population, additional file types may need to be excluded and shall disclose any additional file types excluded.

STIPULATED ESI PROTOCOL - 8
No. 2:21-cv-00918-RSM

132370.0001/8758692.1

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| BegAttach | First Bates Number of attachment range of family (*i.e.*, Bates Number of the first page of the parent document). | x |
| EndAttach | Last Bates Number of attachment range of family (*i.e.*, Bates Number of the last page of the last attachment in the family). | x |
| PgCount | Number of pages in the item. | x |
| Custodian | Name of person from whose files the item is Produced. | x |
| CustodianOther | Name of the person(s), in addition to the Custodian, from whose files the item would have been Produced if it had not been de-duplicated. | x (if deduplicated globally (*i.e.*, horizontally)) |

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| FilePath | The file path of the document as it existed at collection.<br><br>Note: Producing Party may truncate the file path using a method reasonably calculated to remove Network-level identification information such as, without limitation, IP addresses, resolvable server names, and infrastructure file-path information, but excluding removal of the custodial or shared Network drive letter. The parties understand that collection tools may add to or truncate file path information, provided however that collection tools do not overwrite the file path information to be provided. | |
| AllPaths | Field designates if a duplicate is found<br><br>in a different non-custodial source | |
| FileSize | Size (in kilobytes) of the source native file. | |
| FileName | File name of document. | |
| FileExt | The file extension of the document (*e.g.*, doc, nsf, rtf, pdf etc.). | |
| HashValue | The unique hash value of the file. | |
| EmailThreadFamilyID | Unique identifier from email threading algorithm to denote emails from a single thread. | |

STIPULATED ESI PROTOCOL - 10
No. 2:21-cv-00918-RSM

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| EmailOutlookType | Type of Outlook item, *e.g.*, email, calendar item, note, task. | |
| NativeFileLink | Hyperlink path for documents provided in native format.<br><br>**The linked file must be named per the BegBates value. | x (ESI only) |
| SourceParty | Name of party producing the item. | x |
| DateSent (mm/dd/yyyy) | Date email or calendar item was sent. | |
| TimeSent (hh:mmAM/PM) | Time email or calendar item was sent. | |
| DateReceived (mm/dd/yyyy) | Date email or calendar item was received. | |
| TimeReceived (hh:mmAM/PM) | Time email or calendar item was received. | |
| ParentBates | First Bates Number for the parent item of a family.<br><br>**This field should be populated for all members of a family.<br><br>**Documents that are not part of a family should not have this field populated. | x |

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| AttachBates | First Bates Number of each "child" attachment.<br><br>**Can be more than one Bates Number listed depending on the number of attachments. If multiple Bates Numbers, separate by semi-colon (;). | x |
| To | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. | |
| From | The name and SMTP email address of the sender of the email or calendar item. | |
| CC | The names and SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. | |
| BCC | The names and SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item. | |
| DateCreated (mm/dd/yyyy) | Date the item was created. | |
| TimeCreated (hh:mm AM/PM) | Time the item was created. | |
| FileName | The filename of the source native file for an ESI item. | |
| Date Modified | Date the item was modified. | |
| Time Modified | Time the item was last modified. | |

STIPULATED ESI PROTOCOL - 12
No. 2:21-cv-00918-RSM

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| Subject | Any value populated in the subject field of the source file metadata or document properties (*e.g.*, subject line of email or calendar item). | |
| TextPath | Full relative path to the current location of the document-level text file. | |
| Privilege | Indicates if a document has been redacted for privilege or if a member of a document family has been withheld for privilege. | |
| Export Controlled | Indicates if a document is subject to export controls under U.S. law. | |
| Confidentiality | Indicates if item has been designated as "Confidential" or "Attorneys' Eyes Only" under the parties' protective order. | x |
| AttachRange | Bates Number of the first page of the parent item to the Bates Number of the last page of the last attachment "child" item. | x |
| RecordType | To indicate "Paper," "Hard Copy," or "HC" if a hard copy document and "ESI" if it is an ESI item. | x |
| Application | Indicates software application that generated the ESI item (*e.g.*, Outlook, Word). | |
| Production Volume | Production volume name or number. | x |

STIPULATED ESI PROTOCOL - 13
No. 2:21-cv-00918-RSM

132370.0001/8758692.1

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| Redacted | User-generated field that will indicate redactions. "X," "Y," "Yes," "True," are all acceptable indicators that the document is redacted. Otherwise, blank. | x |
| MessageID | The unique message identifier generated by the source email or calendar system. | |
| PrevMessageID | The message ID of the previous message in the email thread (the message that was replied to or forwarded). | |
| Title | Any value populated in the title field of the source file metadata or item properties. | |
| Author | Creator of the document; any value populated in the author field of the source file metadata or document properties. | |

9. **Parent-Child Relationships**. Parent-Child relationships (the association between an attachment and its parent document) must be preserved so a document and any attachments to that document are produced in the same production set and such relationships are identifiable.

10. **Hard-Copy Documents**. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include, if needed, a cross-reference file that indicates document breaks, attachments, and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition (OCR) technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper

is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

### D. Preservation of ESI

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)–(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.
   
   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
   
   c. On-line access data such as temporary internet files, history, cache, cookies, and the like.
   
   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
   
   e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f.  Server, system, or network logs.

    g.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h.  Electronic data (*e.g.*, email, texts, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time and accessible elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

  **E.**  **Privilege**

    1.  A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or other lawful protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and a description of the basis for the claim (*e.g.*, attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created, but the producing party also must describe in the log the basis for the claim. The parties will in good faith endeavor to produce privilege logs not later than 45 days after each production or as the parties may otherwise agree. The parties will in good faith endeavor to produce all privilege logs in this case no less than 45 days before the close of fact discovery to allow the parties to evaluate privilege logs and conduct any necessary meet and confers or motions practice within the time allowed for discovery by the Court's scheduling order. This provision is without prejudice to a party's right to request any extension of discovery deadlines or the rescheduling or renoticing of depositions, should production of logs after substantial completion delay discovery in this matter. If the requesting party, in good faith, has reason to believe a particular entry does not reflect privileged discoverable information, the requesting party may request, and the producing party will not unreasonably refuse to create, a supplemental privilege log entry in compliance with Fed.

R. Civ. P. 26(b)(5). The parties will discuss and consider all reasonable extension requests in good faith.

2. The parties shall log redactions and explain the basis for the redaction in the log. The parties need not log those redactions for which the context of the document makes the basis of the redaction clear. A party may not redact information on the basis it believes it to be irrelevant or confidential. Unless otherwise agreed to by the parties, redactions should only be made for legal privilege or legally protected private information, such as Social Security Numbers, information protected from disclosure under HIPAA, and other information prohibited from disclosure by law.

3. A party that withholds any document entirely on the basis of privilege shall produce a Bates numbered placeholder page/slip sheet that contains the following language: "Document Withheld on the Basis of Privilege." A party may withhold wholly privileged members of a family group so long as the party inserts a slip sheet in place of the withheld document indicating that it has been "Withheld for Privilege" and logs such attachments in a privilege log in accordance with the requirements of this protocol. Slip sheets need not be produced for wholly-privileged document families withheld in their entirety.

4. With respect to privileged or work-product information generated after the filing of the complaint and any amendments, parties are not required to include any such information in privilege logs.

5. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

6. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or

STIPULATED ESI PROTOCOL - 17
No. 2:21-cv-00918-RSM

work product shall be returned to the producing party as described in the Stipulated Protective Order (Dkt. No. 66), and its production shall not constitute a waiver of such protection.

**F.     Modifications**

Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate under the circumstances, or by order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

LANE POWELL PC

DATED: 11-02-21                    By:    *s/ Callie A. Castillo*
                                          David M. Schoeggl, WSBA No. 13638
                                          Callie A. Castillo, WSBA No. 38214
                                          Joseph D. Adamson, WSBA No. 54752
                                          1420 Fifth Avenue, Suite 4200
                                          P.O. Box 91302
                                          Seattle, Washington 98111-9402
                                          Telephone:  206.223.7000
                                          schoeggld@lanepowell.com
                                          castilloc@lanepowell.com
                                          adamsonj@lanepowell.com
                                    Attorneys for Plaintiff SMARTWINGS, a.s.

|   |   |   |
|---|---|---|
| | | PERKINS COIE LLP |
| DATED: 11-02-21 | By: | *s/ Ulrike B. Connelly* |
| | | Ulrike B. Connelly, WSBA No. 42478 |


1
2          PERKINS COIE LLP
3
4  DATED: 11-02-21           By:    *s/ Ulrike B. Connelly*
                                    Ulrike B. Connelly, WSBA No. 42478
5                                   Harry H. Schneider, Jr., WSBA No. 9404
                                    Eric J. Weiss, WSBA No. 44807
6                                   Eric B. Wolff, WSBA No. 43047
                                    Gregory Miller, WSBA No. 56466
7                                   Laura C. Hill, WSBA No. 49229
                                    1201 Third Avenue, Suite 4900
8                                   Seattle, WA 98101-3099
                                    Telephone: 206.359.8000
9                                   HSchneider@perkinscoie.com
                                    EWeiss@perkinscoie.com
10                                  EWolff@perkinscoie.com
                                    GMiller@perkinscoier.com
11                                  LHill@perkinscoie.com
12                          Attorneys for Defendant The Boeing Company

STIPULATED ESI PROTOCOL - 19
No. 2:21-cv-00918-RSM

132370.0001/8758692.1

Based on the foregoing, IT IS SO ORDERED.

DATED this 3rd day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

STIPULATED ESI PROTOCOL - 1
No. 2:21-cv-00918-RSM

132370.0001/8758692.1