1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SMARTWINGS, A.S., a Czech Republic
Company,

                              Plaintiff,

        v.

THE BOEING COMPANY, a Delaware
Corporation,

                              Defendant.

CASE NO. C21-918 RSM

ORDER GRANTING IN PART
DEFENDANT'S SECOND MOTION TO
DISMISS

## I.      INTRODUCTION

This matter is before the Court on Defendant Boeing's second Motion to Dismiss.  Dkt. #41.  The Court previously dismissed (with leave to amend) Plaintiff's claims for pre-contract fraud and those brought under Washington's Consumer Protection Act and Product Liability Act. *See* Dkt. #37.  Plaintiff Smartwings amended its Complaint in response to that Order.  Dkt. #40. The amended causes of action are:

1.  Breach of Contract – Purchase Agreement;

2.  Breach of Contract – Deferred Termination Agreement;

3.  Breach of the Duty of Good Faith and Fair Dealing;

4.  Fraud;

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS – 1

5.   Material Misrepresentation of Fact;

6.   Violation of the Washington Consumer Protection Act ("WCPA"); and

7.   Product Liability under the Washington Product Liability Act ("WPLA").

*See generally* Dkt. #40.  In the instant Motion, Boeing seeks dismissal of: a) claims for relief based on pre-contract fraud (claim 4), misrepresentation (claim 5), violations of the WCPA (claim 7), and for dismissal of the post-contract fraud and misrepresentation claims as preempted by the WPLA.   Dkt. #41. The parties agree that the WCPA claim has been dismissed and repleaded only "to preclude any arguments of waiver if there is a subsequent appeal."  Dkt. #41 at 11 (citing Dkt. #40 at ¶ 11 n.1). Smartwings' first, second, and third claims are not addressed. Having considered the issues, the Court grants this Motion in part and dismisses certain claims as stated below.

## II.      BACKGROUND

The Court summarized the general background facts of this case in its prior Order.  *See* Dkt. #37.  The Court will focus below on the sufficiency of specific allegations.

## III.      DISCUSSION

### A. Legal Standard

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* FED. R. CIV. P. 8(a)(2).  While considering a Rule 12(b)(6) motion, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The court is not required, however, to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 557).  Absent facial plausibility, a plaintiff's claims must be dismissed.

**B.  Pre-contract Fraud or Misrepresentation Claims (Claims 4 and 5)**

Smartwings' fourth and fifth claims assert that Boeing acted fraudulently or negligently in omitting and/or misrepresenting material facts related to the 737 MAX's similarity to recent iterations of Boeing's 737 aircraft, the need for substantial pilot training on the 737 MAX, and the existence and operation of the MCAS system and the dangers posed by the system.  Dkt. #40 at ¶¶ 274–333.  This Court has previously considered the propriety of such claims in the context of Boeing's actions as they relate to the 737 MAX and MCAS.  *See Wilmington Tr. Co. v. The Boeing Co.*, Case No. 20-cv-402-RSM, 2021 WL 754030 (W.D. Wash. Feb. 26, 2021); *Polskie Linie Lotnicze LOT S.A. v. The Boeing Co.*, Case No. 21-cv-1449-RSM Dkt. #39 (Sep. 30, 2022).

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS – 3

In *Wilmington*, this Court determined that the similarities between the claims meant that they could be considered together, that both claims should be subjected to Rule 9(b)'s heightened pleading standard, and that both claims could proceed on the basis that Boeing had omitted, either fraudulently or negligently, material facts. 2021 WL 754030 at *4–6. Boeing maintains that the same result is not appropriate here because Smartwings cannot point to any misrepresentations or omissions prior to the date it entered its contracts with Boeing.

The Amended Complaint has added allegations in response to the Court's earlier dismissal of these claims. These include that "Boeing falsely represented to Smartwings in March 2013 and thereafter that the MAX would not require pilot simulator training…. [and] that the training to transition pilots from the 737NG to the MAX would be Level B training..." Dkt. #40 at ¶¶ 277-78.

Boeing argues that Smartwings continues to allege insufficient facts, and the Court agrees. Instead, the Amended Complaint simply repeats the allegation from the original complaint that Boeing "knew" these representations "were false because Boeing knew that the MAX had materially different flight characteristics from the 737NG." *Id.* at ¶¶ 284, 317. The Court has previously agreed with Boeing that these statements are too general to support Smartwings' fraudulent inducement or omission claims under Rule 9(b). Rather, the statements are akin to "general praise of goods sold known as sales talk or puffing." Dkt. #15 at 16 n.7 (citing *Baughn v. Honda Motor Co.*, 107 Wash. 2d 127, 150, 727 P.2d 655, 668 (1986)) (quotation marks omitted).

The Court has previously found that these generalized statements came too early in the 737 MAX's development to reasonably support an argument that Boeing knew, or should have known, them to be false. Dkt. #37 at 12. Boeing and Smartwings entered into their relevant agreements in 2013, early in the 737 MAX's development and before further issues with MCAS

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS – 4

arose, as pleaded by Smartwings.  The Court finds that the pre-contract facts pled as to Boeing's knowledge insufficient to bring these claims.  These claims will be dismissed.  The Court need not address Boeing's argument as to "promissory negligent misrepresentation."

**C.  The WPLA Does Not Preempt Smartwings' Fraud and Misrepresentation Claims**

Boeing repeats its prior argument that Smartwings' post-contract fraud and misrepresentation claims are precluded by Washington's Product Liability Act.  *See* Dkt. #41 at 22–27; Dkt. #15 at 18–21.  Boeing characterizes these claims as mere complaints that Boeing did not disclose "alleged '[product] defects'" and argues that the WPLA "establishes 'a single cause of action for product-related harms' that 'supplants previously existing common law remedies.'"  Dkt. #15 at 18 (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 322–23, 858 P.2d 1054, 1066 (1993)).

The Court's most recent Order found Boeing's preemption argument incongruent with its argument that Smartwings cannot state a claim under the WPLA.  Boeing spends many paragraphs responding to that argument, with several citations to cases that came to the opposite conclusion.  The Court declines to revisit its ruling, and in any event finds that Smartwings brings claims for misrepresentation that are not clearly preempted by the WPLA at the 12(b)(6) stage because they are separate from product defects.[1]  Further, the Court previously found that the WPLA explicitly does not preclude fraud claims.  Dkt. #37 at 15 (citing RCW 7.72.010(4)).  To the extent Smartwings can continue to bring a fraud claim, the Court declines to dismiss it under Rule 12(b)(6) as preempted under a WPLA claim.

---

[1] In a similar case, the Court recently denied Boeing's attempt to argue WPLA preemption of 737 MAX fraud and misrepresentation claims, finding that, "misrepresentations about the pilot training and fuel savings [were] separate and apart from Boeing's misrepresentations and failure to warn about the aircraft's defects" and finding that "contained within [plaintiff's] substantially detailed Complaint are at least some claims related to misrepresentations separate from product defects."  *Polskie Linie Lotnicze LOT v. Boeing*, Case No. C21-1449RSM, Dkt. #39 at 11.

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS – 5

**D. Washington Consumer Protection Act Claim**

The parties agree that the WCPA claim has been dismissed and repleaded only "to preclude any arguments of waiver if there is a subsequent appeal." Dkt. #41 at 11 (citing Dkt. #40 at ¶ 11 n.1). The parties do not address this claim further in briefing. Accordingly, this claim is dismissed again for the reasons previously stated by the Court.

**E. Washington Product Liability Act Claim**

The WPLA provides a cause of action to remedy harm caused by defective products—products that are "not reasonably safe as designed." RCW 7.72.030. The WPLA defines harm broadly, to include "any damages recognized by the courts of this state" but specifically excludes "direct or consequential economic loss." RCW 7.72.010(6). In this manner, the WPLA differentiates between a defective product's injury of persons or other property—compensable under the "safety-insurance policy of tort law" and the WPLA—and injuries inflicted only on the defective product itself—better addressed under "the expectation-bargain protection policy of contract law." *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wash. 2d 334, 351–52, 831 P.2d 724, 733 (1992) (citing *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165, 1173 (3d Cir. 1981)).

However, and recognizing that such a rigid rule would at times be inequitable, the Washington Supreme Court has determined that economic harms may be pursued under the WPLA where the product's failure was "sudden or dangerous" or implicates the safety-insurance policy of tort law under an "evaluative approach." *Id.* The sudden and dangerous test focuses on the manner in which the product failed, while the evaluative approach looks to "the nature of the defect, the type of risk, and the manner in which the injury arose." *Id.* at 733.

In its prior Order, this Court held that Smartwings had failed to plead cognizable "harm" under the WPLA. *See* Dkt. #37 at 18–19. Specifically, the Court agreed with Boeing's

1  statements that "Smartwings and its 737MAX aircraft did not experience failure," and that

2  "[a]bsent physical harm" from an MCAS failure "a WPLA claim is not available." *Id*. at 18.  The

3  Court ruled that instead of alleging that its aircraft suffered physical damage recoverable under

4  the WPLA, "Smartwings' alleged damages arise from the decreased value of the aircraft it

5  bought, costs incurred during their grounding, and lost revenue associated with the grounding."

6  *Id*. at 19. These categories of damages are foreseeable and are properly allocated by contract."

7  *Id*.  They are thus plainly unrecoverable under the WPLA.

8          The Amended Complaint alleges that some aircraft components "deteriorated" during the

9  grounding, and that Boeing's updates to the MCAS software and the Airplane Flight Manual

10  qualify as "physical damage" under the WPLA.  Dkt. #40 at ¶ 368.  Smartwings also claims that

11  "improperly installed wiring" on the aircraft also qualifies as "physical harm," but Smartwings

12  does not allege that any wiring defect malfunctioned or caused harm to the aircraft or any other

13  persons or property.  *See id*. at ¶ 369.  Smartwings alleges other purported "physical harms,"

14  including "additional repairs . . . in the near future," its pilots' "severe emotional suffering," and

15  an increased likelihood of future "maintenance-caused groundings."  *Id*. at ¶¶ 368–369, 373.

16          The Court finds that these amendments fail to overcome the Court's prior conclusions.

17  The Court agrees with Boeing's statement on Reply that "Smartwings' purported 'harms' are…

18  prophylactic measures to prevent physical harm from the allegedly defective condition, not the

19  manifestation of that defect."  Dkt. #43 at 13.  Smartwings' alleged harm are not plausibly

20  physical in nature, are disconnected from the product defect at issue, and/or are purely economic

21  losses.  They are not plausibly cognizable under the WPLA for the reasons previously stated by

22  the Court.  Accordingly, this claim is properly dismissed.

23

24

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS – 7

1

2
**F.  Leave to Amend**

3
Where a complaint is dismissed for failure to state a claim, "leave to amend should be

4
granted unless the court determines that the allegation of other facts consistent with the

5
challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

6
*Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Having previously granted leave to amend

7
the above claims, the Court finds that Smartwings cannot now allege other facts consistent with

8
the challenged pleading to survive dismissal.  The Court declines leave to amend.

9
### IV.        CONCLUSION

10
Having reviewed the motions, the relevant briefing, and the remainder of the record, the

11
Court hereby finds and ORDERS that Defendant Boeing's Motion to Dismiss (Dkt. #41) is

12
GRANTED in part and DENIED in part as set forth in this Order.  Plaintiff Smartwings' claims,

13
as set forth in its Amended Complaint (Dkt. #40), are DISMISSED as set forth in this Order.

14
Dated this 11th day of October, 2022.

15

16

17
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

ORDER GRANTING IN PART DEFENDANT'S SECOND MOTION TO DISMISS – 8