THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SMARTWINGS, A.S., a Czech Republic Company,

    Plaintiff,

 v.

THE BOEING COMPANY, a Delaware Corporation,

    Defendant.

No. 2:21-cv-918-RSM

**THE BOEING COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

  Defendant The Boeing Company ("Boeing") hereby answers Plaintiff's First Amended Complaint ("Amended Complaint") as follows, in paragraphs numbered to correspond to the paragraph numbers in said Amended Complaint. All facts not specifically admitted are denied.

  The Amended Complaint also featured footnotes containing citations to materials in the public record. Boeing does not believe a response to such reference materials is required as these cited materials speak for themselves, and no response is included herein. To the extent a response is required to these footnotes, Boeing denies any allegations therein.

## I.  <u>PARTIES</u>

  1.  Boeing notes this allegation concerns an entity other than Boeing, and therefore no response is required. To the extent a response is required, Boeing admits the allegations in Paragraph 1 upon information and belief.

THE BOEING COMPANY'S ANSWER TO
FIRST AMENDED COMPLAINT
(No. 2:21-cv-918-RSM)

2.      Boeing admits that, on July 29, 2013, Travel Services, A.S. (n/k/a Smartwings) and Boeing executed Purchase Agreement No. 3989 ("PA-3989"). This document speaks for itself. Boeing denies the remaining allegations in Paragraph 2.

3.      Boeing admits that, on December 22, 2016, Travel Services, A.S. (n/k/a Smartwings) and Boeing executed Purchase Agreement No. 4606 ("PA-4606"). Boeing further admits that, on March 18, 2020, Boeing and Smartwings, A.S. entered into an agreement to terminate PA-4606. These documents speak for themselves. Boeing denies the remaining allegations in Paragraph 3.

4.      Boeing admits upon information and belief that Smartwings (or its predecessor) entered into agreements to lease 737 MAX aircraft. Boeing denies the remaining allegations in Paragraph 4.

5.      Boeing admits that one 737 MAX 8 has been delivered under PA-3989, and that six 737 MAX 8 have been delivered that Smartwings agreed to lease from other entities. Boeing denies the remaining allegations in Paragraph 5.

6.      Boeing admits that, on information and belief, Smartwings was scheduled to take delivery of an additional two purchased 737 MAX aircraft in 2019 and an additional three purchased aircraft between 2020 and 2022. Boeing denies the remaining allegations in Paragraph 6.

7.      Boeing admits that it is a Delaware corporation. Boeing denies the remaining allegations in Paragraph 7.

## II.      JURISDICTION, VENUE, AND CHOICE OF LAW

8.      The allegations in Paragraph 8 consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing admits that it does business and manufactures the 737 MAX in Washington. Boeing further admits this Court has jurisdiction over Boeing.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

9. The allegations in Paragraph 9 consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing admits that venue is proper in this Court.

10. Boeing admits that PA-3989 and PA-4606 are contracts between Boeing and Smartwings. These documents speak for themselves. Boeing denies the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11, including Footnote 1, consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing admits the Court dismissed Smartwings' Washington Consumer Protection Act claim. Boeing denies the remaining allegations in Paragraph 11.

### III.   **INTRODUCTION**

12. Boeing admits on information and belief that Plaintiff formerly conducted business as Travel Services, A.S., that it is based in the Czech Republic, and that it conducts business in Europe. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 13 and therefore denies them. Boeing denies the remaining allegations in Paragraph 13.

14. Boeing admits that the size, weight, and placement of the engines on the 737 MAX 8 model differ from the size, weight, and placement of the engines on earlier models of aircraft in Boeing's 737 family. Boeing admits that these larger engines, and their placement under the airplane's wings, meant that the aerodynamics of the 737 MAX differed from those of the 737 NG. Boeing denies the remaining allegations in Paragraph 14.

15. Boeing admits that a Maneuvering Characteristics Augmentation System ("MCAS") is incorporated as part of the 737 MAX's flight controls. Boeing denies the remaining allegations in Paragraph 15.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

16.     Boeing admits that, through two former members of the Flight Technical group, it concealed MCAS's expanded operational scope from the FAA AEG. Boeing denies the remaining allegations in Paragraph 16.

17.     Boeing denies the allegations in Paragraph 17 as written.

18.     Boeing denies the allegations in Paragraph 18.

19.     Boeing admits that a Boeing model 737 MAX 8 aircraft, being operated by PT Lion Mentari Airlines Flight 610 (Flight 610), crashed into the Java Sea on October 29, 2018, and that the crash of Flight 610 resulted in the deaths of all 189 persons aboard the aircraft. Boeing also admits that the Lion Air accident was the subject of an investigation by Indonesia's National Transportation Safety Committee (KNKT), which released a preliminary report on its investigation on November 27, 2018. Boeing further admits that the KNKT preliminary report says that the MCAS control law activated multiple times during Lion Air Flight 610. Boeing denies the remaining allegations in Paragraph 19.

20.     Boeing admits that it received a letter from Jiri Juran ("Mr. Juran"), on behalf of Smartwings, on or around November 27, 2018. Boeing denies the remaining allegations in Paragraph 20.

21.     Boeing admits that, on November 6, 2018, it issued a Flight Crew Operations Manual Bulletin for 737 MAX aircraft, titled "Uncommanded Nose Down Stabilizer Trim Due to Erroneous Angle of Attack (AOA) During Manual Flight Only." The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 21.

22.     Boeing admits that it began developing a software enhancement to update the activation logic for the MCAS control law on the 737 MAX models after the crash of Lion Air Flight 610, and that it informed the FAA that it was developing these enhancements. Boeing denies the remaining allegations in Paragraph 22.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 4

23.     Boeing admits that on March 10, 2019, a Boeing 737 MAX 8 operated as Ethiopian Airlines Flight 302 crashed, resulting in the deaths of all 157 persons on board. Boeing denies the remaining allegations in Paragraph 23.

24.     Boeing denies the allegations in Paragraph 24.

25.     Boeing admits that Mr. Juran sent Boeing an email on or around March 10, 2019. The contents of that email speak for themselves. Boeing also admits that it recommended the temporary suspension of operations of the 737 MAX to the FAA on March 13, 2019. Boeing denies the remaining allegations in Paragraph 25.

26.     Boeing denies the allegations in Paragraph 26.

27.     Boeing denies the allegations in Paragraph 27.

28.     Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 related to what Smartwings was "unable" to do, and therefore denies them. Boeing denies the remaining allegations in Paragraph 28.

29.     Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 regarding what Smartwings would have done, and therefore denies them. Boeing denies the remaining allegations in Paragraph 29.

30.     Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 related to what Smartwings has been able to do, and therefore denies them. Boeing denies the remaining allegations in Paragraph 30.

31.     Boeing denies the allegations in Paragraph 31.

## IV.     <u>FACTS</u>

### A.     **Boeing's Development of the MAX**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

32.    Boeing admits that it began designing and selling the Boeing 737 in the 1960s and that it is one of Boeing's best-selling airplane models. Over time, Boeing designed, manufactured, and sold new versions of the Boeing 737. Boeing admits that more 737-model airplanes have been sold than any other commercial passenger jet airplane. Boeing denies the remaining allegations in Paragraph 32.

33.    Boeing admits that the design of the 737 model family of airplanes has evolved over time, and that the FAA has issued amended type certificates for all 737 models certified after the first (the 737-100). Boeing admits that the design of the 737 MAX 8 includes CFM LEAP-1B engines, and that the CFM-LEAP 1B engines implemented in the design of the 737 MAX 8 produce more than twice the thrust of the JT8D engines implemented in the design of the 737-100. Boeing denies the remaining allegations in Paragraph 33.

34.    Boeing admits that the 737-100 model was certified on December 15, 1967 under an amendment to Type Certificate No. A16WE. Boeing also admits that the other models in the 737 family are certified under various amendments to the same Type Certificate. Boeing admits that the technology has evolved over time since the 737-100 was type certified by the FAA and that the design of the 737 model family of airplanes has also evolved over time. Boeing denies the remaining allegations in Paragraph 34.

35.    Boeing denies the allegations in Paragraph 35.

**1.    Boeing Decides to Modify the 737 Rather Than Develop a New Aircraft**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

36.    Boeing admits that Airbus SE is a manufacturer of commercial aircraft, including the A320neo. Boeing denies the remaining allegations in Paragraph 36.

37.    Boeing admits that, in 2011, it had been evaluating its options to re-engine the 737 or to introduce a new airplane. Boeing denies the remaining allegations in Paragraph 37.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

38.    The allegations in Paragraph 38 concern an entity other than Boeing, and no response is therefore required. To the extent one is required, Boeing denies the allegations in Paragraph 38.

39.    Boeing denies the allegations in Paragraph 39.

40.    Boeing admits that it launched the 737 MAX program on August 30, 2011. Boeing denies the remaining allegations in Paragraph 40.

41.    Boeing admits that it applied for an Amended Type Certification for the 737 MAX 8 in 2012. Boeing denies the remaining allegations in Paragraph 41.

42.    Boeing admits that the quoted language in Paragraph 42 is attributed to a former Boeing employee in an article published by the *New York Times*. Boeing denies the remaining allegations in Paragraph 42.

43.    Boeing denies the allegations in Paragraph 43 as written.

44.    Boeing denies the allegations in Paragraph 44.

45.    Boeing admits that a stated objective in designing the 737 MAX included securing the FAA AEG's determination to require no greater than "Level B" differences training in the 737 MAX FSB Report. Boeing also admits that Level B differences training for the 737 MAX could be completed in a matter of hours using a computer or tablet. Boeing denies the remaining allegations in Paragraph 45.

46.    Boeing denies the allegations in Paragraph 46.

47.    Boeing admits that the quoted language in Paragraph 47 is attributed to a House Transportation Committee spokesperson in an article published by *The Seattle Times*. Boeing denies the remaining allegations in Paragraph 47.

## 2.    Flaws in the MAX Design Process

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    48.    Boeing denies the allegations in Paragraph 48.

2    49.    Boeing denies the allegations in Paragraph 49.

3    50.    Boeing admits that the design of the 737 MAX 8 includes CFM LEAP-1B engines,

4    which were larger and more fuel-efficient than those used by the 737 NG. Boeing denies the

5    remaining allegations in Paragraph 50.

6    51.    Boeing admits that the engines on the 737 MAX are larger than the engines on

7    earlier 737 model aircraft and are mounted higher and farther forward on the wings to provide

8    adequate ground clearance. Boeing denies the remaining allegations in Paragraph 51.

9    52.    Boeing admits that the larger engines, relative to the 737 NG, on the 737 MAX 8

10    and their placement under the airplane's wings, meant that the aerodynamics of the 737 MAX

11    differed from those of the 737 NG. Boeing also admits that these different aerodynamics changed

12    the handling characteristics of the aircraft during a certain flight maneuver not expected to be

13    encountered during a normal commercial passenger flight. Boeing denies the remaining allegations

14    in Paragraph 52.

15    53.    Boeing admits that a handling characteristic for the 737 MAX caused the 737

16    MAX's nose to pitch up during a certain flight maneuver called a high-speed, wind-up turn. A

17    high-speed, wind-up turn was a "certification" maneuver, that is, a maneuver outside the limits of

18    what the 737 MAX would be expected to encounter during a normal commercial passenger flight.

19    Boeing denies the remaining allegations in Paragraph 53.

20    54.    Boeing admits that the quoted language in Paragraph 54 consists of incomplete

21    portions of 14 C.F.R. § 25.203(a). Boeing denies the remaining allegations in Paragraph 54,

22    including the allegations in Footnote 28 to Paragraph 54.

23    55.    Boeing denies the allegations in Paragraph 55.

24    56.    Boeing admits that, to fix the pitch-up characteristic caused by the 737 MAX's new

25    handling characteristic, it created MCAS and incorporated it as part of the 737 MAX's flight

26    controls. Boeing denies the remaining allegations in Paragraph 56.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

57.      Boeing admits that in operation, MCAS would automatically cause the airplane's nose to pitch down by adjusting the 737 MAX's horizontal stabilizer (a horizontal tail located near the rear of the airplane). As originally designed, MCAS could only activate during a high-speed, wind-up turn. Boeing denies the remaining allegations in Paragraph 57.

58.      Boeing admits that during the design, development, and certification process for the 737 MAX, Boeing expanded MCAS's operational scope, including the speed range within which MCAS could activate, significantly altering its original design. Boeing denies the remaining allegations in Paragraph 58.

59.      Boeing admits that during the design, development, and certification process for the 737 MAX, Boeing expanded MCAS's operational scope, including the speed range within which MCAS could activate, significantly altering its original design. Among other things, when the airplane registered a high angle of attack, the change expanded the speed range within which MCAS could activate from approximately Mach 0.6–0.8 to approximately Mach 0.2–0.8—that is, from only high-speed flight to nearly the entire speed range for the 737 MAX, including low-speed flight, which generally occurs at a lower altitude and in and around takeoff and landing. Boeing denies the remaining allegations in Paragraph 59.

60.      Boeing admits that the 737 MAX 8 has two AOA sensors (vanes), which measure and provide angle of attack information. Boeing also admits that the AOA sensors measure the difference between the pitch angle (nose direction) of the airplane and the angle of the oncoming wind. Boeing also admits that, at one point in time, the MCAS implemented in the design of the 737 MAX 8 used input from one AOA sensor at a time. Boeing denies the remaining allegations in Paragraph 60.

61.      Boeing denies the allegations in Paragraph 61, including the allegations in Footnote 33 to Paragraph 61.

62.      Boeing admits that, at one point in time, it was possible for pilots to reset MCAS. Boeing denies the remaining allegations in Paragraph 62.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

63.     Boeing admits that the quoted language in the second and third sentences of Paragraph 63 has been attributed to a former Boeing employee in an article published by the *New York Times*. Boeing denies the remaining allegations in Paragraph 63.

64.     Boeing denies the allegations in Paragraph 64.

65.     Boeing admits that the figure depicted below Paragraph 65 appeared in an article published by the *Seattle Times*. Boeing denies the remaining allegations in Paragraph 65. In further response, Boeing states that the graphic depicted below Paragraph 65 does not consist of properly pled factual allegations and therefore requires no response from Boeing. To the extent a response is required, Boeing denies the accuracy of the text and images in this conclusory graphic as depicted.

66.     Boeing denies the allegations in Paragraph 66.

67.     Boeing admits that the quoted language in Paragraph 67 is an altered version of language that appears in an instant message sent by a former member of the Flight Technical group on or about November 15, 2016. Boeing also admits that the first 737 MAX 8 delivered to a customer commenced service on or around May 22, 2017. Boeing denies the remaining allegations in Paragraph 67.

68.     Boeing admits that it evaluated pilot response to, and the hazards associated with, uncommanded MCAS activation prior to certification of the 737 MAX 8. Boeing denies the remaining allegations in Paragraph 68.

69.     Boeing denies the allegations in Paragraph 69.

70.     Boeing admits that it uses failure classifications in its hazard assessments to inform designs. Boeing denies the remaining allegations in Paragraph 70.

71.     Boeing admits that it uses failure classifications in its hazard assessments to inform designs. Boeing also admits that it follows regulatory guidance and industry standards in conducting hazard and other safety assessments on its products. Boeing denies the remaining allegations in Paragraph 71.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 10

1    72.    Boeing denies the allegations in Paragraph 72.

2    73.    Boeing denies the allegations in Paragraph 73.

3    74.    Boeing denies the allegations in Paragraph 74 as written.

4    75.    Boeing denies the allegations in Paragraph 75.

5    76.    Boeing denies the allegations in Paragraph 76, including in Footnote 43 to

6    Paragraph 76.

7    77.    Boeing denies the allegations in Paragraph 77.

8    78.    Boeing admits that it follows regulatory guidance and industry standards in

9    conducting hazard and other safety assessments on its products. Boeing denies the remaining

10   allegations in Paragraph 78 as written.

11   79.    Boeing admits that it follows regulatory guidance and industry standards in

12   conducting hazard and other safety assessments on its products. Boeing denies the remaining

13   allegations in Paragraph 79.

14   80.    Boeing admits that it applied for and received an "impractical exception" to certain

15   paragraphs of 14 C.F.R. § 25.1322 at amendment 131. Boeing denies the remaining allegations in

16   Paragraph 80.

17   **3.    Boeing Decides Not to Disclose MCAS to Purchasers and Pilots**

18   The header to this section of Plaintiff's complaint contains no allegations requiring an

19   answer. To the extent an answer is required, Boeing denies the allegations in the header to this

20   section of Plaintiff's complaint.

21   81.    Boeing denies the allegations in Paragraph 81.

22   82.    The allegations in Paragraph 82 relate to the FAA's process, not Boeing, and no

23   response is required. To the extent a response is required, Boeing denies the allegations in

24   Paragraph 82.

25

26

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

83.     The allegations in Paragraph 83 relate to the FAA's process, not Boeing, and no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 83.

84.     Boeing denies the allegations in Paragraph 84.

85.     Boeing denies the allegations in Paragraph 85.

86.     Boeing denies the allegations in Paragraph 86.

87.     Boeing denies the allegations in Paragraph 87.

88.     Boeing denies the allegations in Paragraph 88.

89.     Boeing denies the allegations in Paragraph 89 as written.

90.     Boeing denies the allegations in Paragraph 90.

91.     Boeing admits that a former member of its Flight Technical group sent an email with the quoted language in the second sentence in Paragraph 91. Boeing also admits that the same former member of its Flight Technical group sent an instant message with the quoted language in the last sentence in Paragraph 91. Boeing denies the remaining allegations in Paragraph 91.

**B.     Boeing Markets the MAX to Purchasers Without Disclosing MCAS or the MAX's Different Flight Characteristics**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

92.     Boeing denies the allegations in Paragraph 92.

93.     Boeing admits that the quoted language in Paragraph 93 is attributed to former Boeing employee Ed Wilson from the 2017 Paris Air Show in an article by *CNN.com*. Boeing denies the remaining allegations in Paragraph 93.

94.     To the extent this paragraph summarizes the media article in Paragraph 93, that article speaks for itself. Boeing denies the allegations in Paragraph 94.

95.     Boeing denies the allegations in Paragraph 95.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

96.     Boeing denies the allegations in Paragraph 96 as written.

97.     Boeing admits that some drafts of the 737 MAX Flight Crew Operating Manual ("FCOM") included references to MCAS and that some references to MCAS in the FCOM were subsequently removed. Boeing denies the remaining allegations in Paragraph 97.

98.     Boeing admits that a former member of Boeing's Flight Technical group wrote an email containing the first quoted phrase in reference to interactions with the FAA. Boeing denies the remaining allegations in Paragraph 98.

99.     Boeing admits that PA-3989 and PA-4606 incorporate Detail Specifications. Boeing denies the remaining allegations in Paragraph 99.

100.    Boeing admits that PA-3989 and PA-4606 incorporate Detail Specifications. Those documents speak for themselves. Boeing denies the remaining allegations in Paragraph 100 as written.

101.    Boeing denies the allegations in Paragraph 101.

102.    Boeing admits that PA-3989 and PA-4606 incorporate Detail Specifications. Those documents speak for themselves. Boeing denies the remaining allegations in Paragraph 102 as written.

103.    Boeing admits that the AOA disagree alert was included in the design of the 737 MAX 8 as a standard, standalone feature. Boeing admits that the system compared inputs from both AOA sensors and, if the sensors disagreed by 5.5 degrees or more with the flaps up, an indicator on the "disagree alert" would illuminate. Boeing denies the remaining allegations in Paragraph 103.

104.    Boeing admits that the AOA disagree alert has been a standard feature on the 737 NG since 2006. Boeing admits that, in August 2017, engineers at Boeing identified that the 737 MAX display system software delivered by Boeing's supplier did not function as intended and that the AOA disagree alert activated only if an airline had selected the optional AOA indicator. Boeing denies the remaining allegations in Paragraph 104.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

105.    Boeing admits that, in August 2017, engineers at Boeing identified that the 737 MAX display system software delivered by Boeing's supplier did not function as intended and that the AOA disagree alert activated only if an airline had selected the optional AOA indicator. Boeing admits that it followed its standard process for determining the appropriate resolution when it identified that the AOA disagree alert did not function as intended. Boeing admits that an internal review by multiple company subject matter experts determined that the absence of the AOA disagree alert did not adversely impact the safety, operation, or certification of the airplane, and thus the existing functionality was acceptable until the alert and the indicator could be delinked in the next planned display software update, which was scheduled for 2020. Boeing denies the remaining allegations in Paragraph 105.

106.    Boeing denies the allegations in Paragraph 106.

107.    Boeing denies the allegations in Paragraph 107.

108.    Boeing denies the allegations in Paragraph 108.

109.    Boeing admits that the quoted language in Paragraph 109, without alteration, appears in an instant message sent by a former member of the Boeing Flight Technical group on or about November 15, 2016. Boeing denies the remaining allegations in Paragraph 109.

**C.    Boeing Uses Misrepresentations About the MAX to Convince Smartwings to Purchase or Lease 39 MAXs and to Transition to an all-MAX Fleet**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

110.    Boeing admits that it marketed a new version of the 737 called the 737 MAX, which promised increased fuel efficiency over its prior version, the 737 NG. Boeing denies the remaining allegations in Paragraph 110.

111.    Boeing denies the allegations in Paragraph 111.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

112.    Boeing admits that a presentation given by Boeing to Smartwings included the quoted language, and the contents of that presentation speak for themselves. Boeing denies the remaining allegations in Paragraph 112.

113.    Boeing admits that a presentation given by Boeing to Smartwings included the following statement: "Cockpit commonality results in no requirement for a new MAX simulator." The contents of that presentation speak for themselves. Boeing denies the remaining allegations in Paragraph 113.

114.    Boeing admits that a presentation given by Boeing to Smartwings included a statement that Boeing's expectation, "subject to regulatory approval," was that a "[d]ifferences course target length is 1 day level B training." The contents of that presentation speak for themselves. Boeing denies the remaining allegations in Paragraph 114.

115.    Boeing denies the allegations in Paragraph 115.

116.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 116 regarding Smartwings' motivations, and therefore denies them.

117.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 regarding Smartwings' reasons for selecting the 737 MAX, and therefore denies them.

118.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 regarding Smartwings' decision, and therefore denies them.

119.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 119 regarding Smartwings' beliefs, and therefore denies them.

120.    Boeing admits that the quoted language in Paragraph 120 appeared in a 2014 issue of Boeing's Aero publication. Boeing denies the remaining allegations in Paragraph 120.

121.    Boeing admits that it has published the Boeing Statistical Summary of Commercial Jet Airplane Accidents every year since 1969. The contents of those documents speak for

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

themselves. Boeing denies the remaining allegations in Paragraph 121, including the summary of the material presented in Footnote 55.

122.    Boeing denies the allegations in Paragraph 122.

123.    Boeing admits that, on or around June 13, 2016, Boeing gave a presentation to Smartwings regarding the 737 MAX. The presentation includes the quoted language, and speaks for itself. Boeing denies the remaining allegations in Paragraph 123.

124.    Boeing admits that, in December 2017, Boeing gave a presentation to Smartwings regarding the 737 MAX. The presentation includes the quoted language, and speaks for itself. Boeing denies the remaining allegations in Paragraph 124.

125.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 125 regarding the specific make-up of Smartwings' fleet and therefore denies them.

126.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 126 regarding Smartwings' claimed reliance, and therefore denies them. Boeing denies all remaining allegations in Paragraph 126.

127.    Boeing admits that Smartwings agreed to purchase several 737 MAX aircraft and that it agreed to lease additional 737 MAX aircraft. Boeing denies the remaining allegations in Paragraph 127.

128.    Boeing admits awareness of Smartwings' leases for 737 MAX. Boeing further admits it agreed to paint the purchased aircraft with the customer's desired livery and deliver them. Boeing denies the remaining allegations in Paragraph 128.

129.    The allegations in Paragraph 129 consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing denies the allegations in Paragraph 129.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

130.    Boeing lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 130 regarding Smartwings' reasons for selecting the 737 MAX, and therefore denies them.

131.    Boeing denies the allegations in Paragraph 131.

132.    Boeing admits on information and belief that Smartwings purchased or leased a total of 16 737 MAXs. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and therefore denies them.

133.    Boeing admits it delivered seven 737 MAX aircraft to Smartwings prior to March 2019. Boeing denies the remaining allegations in Paragraph 133.

134.    Boeing lacks knowledge or information sufficient to form a belief of the allegations in Paragraph 134 and therefore denies them.

135.    Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Smartwings' use of its aircraft and therefore denies them. Boeing denies the remaining allegations in Paragraph 135.

**D.    Two Tragic MAX Crashes, Smartwings' Plea to Boeing, and the Subsequent Grounding of the MAX**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

136.    Boeing admits that on October 29, 2018, a Boeing 737 MAX 8 aircraft operated as Lion Air Flight 610 crashed into the Java Sea, and that the crash resulted in the deaths of all 189 persons aboard the aircraft. Boeing denies the remaining allegations in Paragraph 136.

137.    Boeing admits that the Flight 610 aircraft recorded angles of attack about 21 degrees different between its left and right AOA vanes at around 23:20 UTC on October 28, 2018. Boeing denies the remaining allegations contained in Paragraph 137.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

138.    Boeing admits that the Flight 610 aircraft experienced uncommanded nose down trim countermanded by pilot-input nose up trim several times after the flight crew raised the flaps. Boeing also admits that the crash resulted in the deaths of all 189 persons aboard the aircraft. Boeing denies the remaining allegations contained in Paragraph 138.

139.    Boeing denies the allegations in Paragraph 139.

140.    Boeing admits that, in August 2017, engineers at Boeing identified that the 737 MAX display system software delivered by Boeing's supplier did not function as intended and that the AOA disagree alert activated only if an airline had selected the optional AOA indicator. Boeing denies the remaining allegations in Paragraph 140.

141.    Boeing admits that, on November 6, 2018, it issued a Flight Crew Operations Manual Bulletin for 737 MAX aircraft, titled "Uncommanded Nose Down Stabilizer Trim Due to Erroneous Angle of Attack (AOA) During Manual Flight Only." Boeing denies the remaining allegations in Paragraph 141.

142.    Boeing admits that, on November 6, 2018, it issued a Flight Crew Operations Manual Bulletin for 737 MAX aircraft, titled "Uncommanded Nose Down Stabilizer Trim Due to Erroneous Angle of Attack (AOA) During Manual Flight Only." The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 142.

143.    Boeing denies the allegations in Paragraph 143 as written.

144.    These allegations concern an entity different than Boeing, and no response is required thereto. To the extent a response is required, Boeing denies the allegations in Paragraph 144.

145.    Boeing admits that, on November 7, 2018, the FAA issued Emergency Airworthiness Directive 2018-23-51, which includes some of the language quoted in Paragraph 145. The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 145.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

146.     Boeing admits that, on November 7, 2018, the FAA issued Emergency Airworthiness Directive 2018-23-51. The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 146.

147.     Boeing admits that, on November 10, 2018, Boeing sent MOM No. 18-0664-01B to "all 737NG/MAX Customers, Regional Directors, Regional Managers and Boeing Field Service Bases." The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 147.

148.     Boeing denies the allegations in Paragraph 148.

149.     Boeing denies the allegations in Paragraph 149.

150.     Boeing admits that it received a letter from Mr. Juran, on behalf of Smartwings, on or around November 27, 2018. The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 150.

151.     Boeing admits that it received a letter from Mr. Juran, on behalf of Smartwings, on or around November 27, 2018. The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 151.

152.     Boeing denies the allegations in Paragraph 152.

153.     Boeing admits that the quoted language in Paragraph 153 appears in one of its public statements. The contents of that document speak for themselves. Boeing denies the remaining allegations in Paragraph 153.

154.     Boeing admits that Mr. Juran sent Boeing an email on or around February 26, 2019. The contents of that email speak for themselves. Boeing denies the remaining allegations in Paragraph 154.

155.     Boeing admits that, on February 26, 2019, it responded to Mr. Juran's email. The contents of that email speak for themselves. Boeing denies the remaining allegations in Paragraph 155.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

156.     Boeing admits that on March 10, 2019, a Boeing 737 MAX 8 operated as Ethiopian Airlines Flight 302 crashed, which resulted in the deaths of all 157 persons on board. Boeing denies the remaining allegations in Paragraph 156.

157.     Boeing admits that the Flight 302 aircraft experienced activation of MCAS. Boeing admits that MCAS activated on Flight 302 in response to erroneous AOA input. Boeing denies the remaining allegations in Paragraph 157.

158.     Boeing admits that Flight 302's left AOA sensor recorded erroneously high values. Boeing denies the remaining allegations in Paragraph 158.

159.     Boeing admits that MCAS activated on Flight 302 in response to erroneous AOA input. Boeing denies the remaining allegations in Paragraph 159.

160.     Boeing denies the allegations in Paragraph 160.

161.     Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies them.

162.     These allegations concern an entity different than Boeing, and no response is required thereto. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and therefore denies them.

163.     Boeing admits that, on March 10, 2019, Mr. Juran sent Boeing an email containing the quoted language. The email speaks for itself. Boeing denies the remaining allegations in Paragraph 163.

164.     Boeing admits that, on March 12, 2019, Mr. Juran sent Boeing an email containing the quoted language. The email speaks for itself. Boeing denies the remaining allegations in Paragraph 164.

165.     Boeing admits the FAA issued an Emergency Order or Prohibition regarding the Boeing 737 MAX on March 13, 2019. Boeing admits other regulatory bodies issued orders

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 20

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

prohibiting operation of 737 MAX after the crash of Flight 302. Boeing denies the remaining allegations in Paragraph 165.

166.   Boeing admits that the quoted language in Paragraph 166 appears in one of its public statements. Boeing denies the remaining allegations in Paragraph 166.

**E.   Boeing Admits That MCAS Malfunctions Carry Significant Risk and That Boeing Is Responsible for Correcting MCAS**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

167.   Boeing admits that, on April 4, 2019, then-CEO of Boeing Dennis Muilenburg addressed the Ethiopian Airlines Flight 302 preliminary report. The contents of the statement speak for themselves. Boeing denies the remaining allegations in Paragraph 167.

168.   Boeing admits that, on June 26, 2019, it issued a statement regarding the 737 MAX. The contents of the statement speak for themselves. Boeing denies the remaining allegations in Paragraph 168.

169.   Boeing denies the allegations in Paragraph 169.

170.   Boeing admits that, on November 18, 2020, the FAA issued an updated Airworthiness Directive for the 737 MAX. The contents of the directive speak for themselves. Boeing denies the remaining allegations in Paragraph 170.

171.   Boeing denies the allegations in Paragraph 171.

172.   Boeing denies the allegations in Paragraph 172.

173.   Boeing admits that, in February 2020, U.S. Federal Aviation Administrator Steve Dickson, made public statements regarding the 737 MAX. The contents of that statement speak for themselves. Boeing denies the remaining allegations in Paragraph 173.

174.   Boeing denies the allegations in Paragraph 174.

175.   Boeing denies the allegations in Paragraph 175.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

176.    Boeing denies the allegations in Paragraph 176.

**F.    Ongoing Investigations and Disclosures Being to [sic] Reveal Boeing's Deceptive and Fraudulent Practices**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

177.    Boeing admits that there have been government investigations into and related to the FAA's certification of the 737 MAX 8. Boeing further admits there have been private civil actions initiated regarding the 737 MAX and the crashes of Flight 610 and Flight 302. Boeing denies the remaining allegations in Paragraph 177.

178.    Boeing denies the allegations in Paragraph 178.

179.    Boeing admits that, from in or around January 2017 through in or around July 2017 (when the 737 MAX FSB Report was published), two former members of the Flight Technical group sent and caused to be sent emails to representatives of various Boeing airline customers that had agreed to purchase the 737 MAX 8, including major U.S.-based airlines, and in these emails, they referenced and included drafts of the forthcoming 737 MAX FSB Report and airplane manuals and pilot-training materials. None of these items contained any information about MCAS. Boeing denies the remaining allegations in Paragraph 179.

180.    Boeing denies the allegations in Paragraph 180.

181.    Boeing denies the allegations in Paragraph 181.

182.    Boeing admits that a former member of its Flight Technical group sent an email on or about June 6, 2017 that includes the quoted language in Paragraph 182. Boeing denies the remaining allegations in Paragraph 182.

183.    Boeing denies the allegations in Paragraph 183.

184.    Boeing admits that it produced documents to Congress and to the FAA. Boeing further admits that the quoted language in Paragraph 184 is attributed to an aide to a House committee in an article available at: https://www.seattletimes.com/business/boeing-

1  aerospace/boeing-documents-sent-to-house-committee-called-very-disturbing/. Boeing denies the

2  remaining allegations in Paragraph 184.

3        185.    Boeing admits that certain documents produced to Congress were publicly released

4  with personal and proprietary information redacted. Boeing further states that Paragraph 185 cites

5  an article available at: https://www.nytimes.com/2020/01/09/business/boeing-737-messages.html.

6  The contents of that article speak for themselves. Boeing denies the remaining allegations in

7  Paragraph 185.

8        186.    Boeing admits that the quoted language in Paragraph 186 appears in an instant

9  message sent by a former member of the Flight Technical group. Boeing denies the remaining

10  allegations in Paragraph 186.

11        187.    Boeing admits that the quoted language in Paragraph 187 appears in instant

12  messages sent by a former member of the Flight Technical group. Boeing denies the remaining

13  allegations in Paragraph 187.

14        188.    Boeing denies the allegations in Paragraph 188.

15        189.    Boeing admits that the quoted language in Paragraph 189 appears in an email sent

16  by a former member of the Flight Technical group. Boeing denies the remaining allegations in

17  Paragraph 189.

18        190.    Boeing admits it sent a letter to 737 MAX operators on or about January 7, 2020.

19  The contents of that document speak for themselves. Boeing denies the remaining allegations in

20  Paragraph 190.

21        191.    Boeing admits that the quoted language in Paragraph 191 appears in an email sent

22  by a Boeing employee. Boeing denies the remaining allegations in Paragraph 191.

23        192.    Boeing admits that, on June 29, 2020, the FAA Inspector General issued a report

24  regarding the 737 MAX. The contents of that report speak for themselves. Boeing denies the

25  remaining allegations in Paragraph 192.

26        193.    Boeing denies the allegations in Paragraph 193.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

194.    Boeing admits that, on June 29, 2020, the FAA Inspector General issued a report regarding the 737 MAX. The contents of that report speak for themselves. Boeing denies the remaining allegations in Paragraph 194.

195.    Boeing admits that, in September 2020, the House Committee on Transportation and Infrastructure issued a report titled, "The Design, Development & Certification of the Boeing 737 MAX." The contents of that report speak for themselves. Boeing denies the remaining allegations in Paragraph 195.

196.    Boeing admits that, on or around January 7, 2021, Boeing and the United States Attorney's Office for the Northern District of Texas entered into a deferred prosecution agreement, which included a Statement of Facts. The contents of that agreement speak for themselves. Boeing denies the remaining allegations in Paragraph 196.

197.    Boeing admits that, on February 23, 2021, the FAA Inspector General issued a report titled, "Weaknesses in FAA's Certification and Delegation Processes Hindered Its Oversight of the 737 MAX 8." The contents of that report speak for themselves. Boeing denies the remaining allegations in Paragraph 197.

198.    Boeing denies the allegations in Paragraph 198.

**G.    Severe Impact of Accidents and MAX Defects on Smartwings**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

199.    The allegations concern an entity different from Boeing, and no response is required thereto. To the extent a response is required, Boeing denies the allegations in Paragraph 199.

200.    Paragraph 200 sets forth legal conclusions to which no response is required. To the extent one is required, Boeing denies the allegations in Paragraph 200.

201.    Boeing admits it supplied Airworthiness Certificates when it delivered Smartwings' 737 MAX aircraft. Boeing denies the remaining allegations in Paragraph 201.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

202.    Paragraph 202 contains legal conclusions about rights and obligations related to a contract, and no response is required thereto. To the extent a response is required, Boeing denies the allegations in Paragraph 202.

203.    Boeing denies the allegations in Paragraph 203.

204.    Boeing denies the allegations in Paragraph 204.

205.    Boeing admits that Smartwings took delivery of seven 737 MAXs from Boeing. Boeing denies the remaining allegations in Paragraph 205.

206.    Boeing denies the allegations in Paragraph 206.

207.    Boeing denies the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 and therefore denies them.

209.    The allegations in Paragraph 209 consist of legal conclusions to which no response from Boeing is required. To the extent a response is required, Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and therefore denies them.

210.    The allegations concern an entity different from Boeing, and no response is required thereto. To the extent a response is required, Boeing denies the allegations in Paragraph 210.

211.    Boeing admits that, on November 28, 2020, the FAA issued a Continuing Airworthiness Notification that rescinded the 737 MAX grounding order. Boeing further admits that, on January 27, 2021, the EASA formally cleared the 737 MAX to resume service. Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 211 and therefore denies them.

212.    Paragraph 212 contains legal conclusions to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 212.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 25

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**H.      Boeing Even Breaches a Termination Agreement Arising Out of the MAX Grounding**

The header to this section of Plaintiff's complaint contains no allegations requiring an answer. To the extent an answer is required, Boeing denies the allegations in the header to this section of Plaintiff's complaint.

213.    Boeing admits that, on March 18, 2020, Boeing and Smartwings signed a letter agreement the subject of which was "Deferral of Aircraft Termination Rights." The contents of that agreement speak for themselves. Boeing denies the remaining allegations in Paragraph 213.

214.    Boeing admits that the quoted language in Paragraph 214 appears in a March 18, 2020 letter agreement, the subject of which was "Deferral of Aircraft Termination Rights," signed by Boeing and Smartwings. Boeing denies the remaining allegations in Paragraph 214.

215.    Boeing admits it received a letter from Smartwings dated October 2, 2020. The contents of the letter speak for themselves. Boeing denies the remaining allegations in Paragraph 215.

216.    Boeing admits it received a letter from Smartwings dated January 12, 2021. The contents of the letter speak for themselves. Boeing denies the remaining allegations in Paragraph 216.

217.    Boeing denies the allegations in Paragraph 217.

## V.      FRAUDULENT ACTS

218.    Boeing admits that a presentation given by Boeing to Smartwings included a statement that Boeing's expectation, "subject to regulatory approval," was that a "[d]ifferences course target length is 1 day level B training." The contents of that presentation speak for themselves. Boeing denies the remaining allegations in Paragraph 218.

219.    Boeing admits that a presentation given by Boeing to Smartwings included the following statement: "Cockpit commonality results in no requirement for a new MAX simulator."

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The contents of that presentation speak for themselves. Boeing denies the remaining allegations in Paragraph 219.

220.    Boeing admits only that the quoted language in Paragraph 220 appears in one of its public statements, the contents of which speak for themselves. Boeing denies the remaining allegations in Paragraph 220.

221.    Boeing denies the allegations in Paragraph 221.

222.    Boeing admits the allegations in Paragraph 222.

223.    Boeing admits that it applied for and ultimately obtained an Amended Type Certification for the 737 MAX 8 on or around March 8, 2017. Boeing further admits it provided Smartwings with certain certification and airworthiness documents. Boeing denies the remaining allegations in Paragraph 223.

224.    Boeing denies the allegations in Paragraph 224.

225.    Boeing denies the allegations in Paragraph 225.

226.    Boeing denies the allegations in Paragraph 226.

227.    Boeing denies the allegations in Paragraph 227.

228.    Boeing denies the allegations in Paragraph 228.

229.    Boeing denies the allegations in Paragraph 229.

230.    Boeing admits that the quoted language in Paragraph 230 is attributed to Boeing's former CEO Dennis Muilenburg in articles published by media outlets. Boeing denies the remaining allegations in Paragraph 230.

231.    Boeing denies the allegations in Paragraph 231.

232.    Boeing denies the allegations in Paragraph 232.

233.    Boeing denies the allegations in Paragraph 233.

234.    Boeing denies the allegations in Paragraph 234.

235.    Boeing admits that the quoted language (altered to change the original "running" to "run"), in Paragraph 235 appears in an instant message sent by a former member of the Flight

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Technical group on or about November 15, 2016. Boeing denies the remaining allegations in Paragraph 235.

236. Boeing denies the allegations in Paragraph 236.

237. Boeing admits that it began developing a software enhancement to update the activation logic for the MCAS control law on the 737 MAX models after the crash of Lion Air Flight 610, and that, after the crash if Lion Air Flight 610, it delivered aircraft to Smartwings. Boeing denies the remaining allegations in Paragraph 237.

238. Boeing denies the allegations in Paragraph 238.

239. Boeing denies the allegations in Paragraph 239.

240. Boeing denies the allegations in Paragraph 240.

241. Paragraph 184 quotes from an article available at: https://www.seattletimes.com/business/boeing-aerospace/boeing-documents-sent-to-house-committee-called-very-disturbing/. The contents of the that article speak for themselves. Boeing denies the remaining allegations in Paragraph 241.

242. Boeing denies the allegations in Paragraph 242.

243. Boeing denies the allegations in Paragraph 243.

244. Boeing denies the allegations in Paragraph 244.

245. Boeing denies the allegations in Paragraph 245.

## VI.    CLAIMS FOR RELIEF

**A.    First Claim for Relief – Breach of Contract (Count One – Purchase Agreement)**

246. Boeing realleges and incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

247. Boeing lacks information about Smartwings' expectations, and therefore denies the allegations in Paragraph 247.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 28

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

248.    Paragraph 248 contains a legal conclusion regarding the obligations under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 248.

249.    Paragraph 249 contains a legal conclusion regarding the obligations under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 249.

250.    Paragraph 250 contains a legal conclusion regarding the obligations under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 250.

251.    Paragraph 251 contains a legal conclusion regarding the obligations under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 251.

252.    Paragraph 252 contains a legal conclusion regarding the obligations under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 252.

253.    Boeing lacks information about Smartwings' reasons for acceptance, and therefore denies the allegations in Paragraph 253.

254.    Boeing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254 and therefore denies them.

255.    Paragraph 255 contains a legal conclusion regarding the obligations under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 255.

256.    Boeing denies the allegations in Paragraph 256.

257.    Paragraph 257 states a generality about the value of aircraft that is not addressed to Boeing, and therefore no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 257.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

258.    Paragraph 258 states a legal conclusion to which no response is required. To the extent a response is required, Boeing lacks information about Smartwings' actions, and therefore denies the allegations in Paragraph 258.

259.    Paragraph 259 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 259.

260.    Paragraph 260 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 260.

261.    Paragraph 261 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 261.

262.    Paragraph 262 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 262.

**B.    Second Claim for Relief – Breach of Contract (Count Two – Deferred Termination Agreement)**

263.    Boeing realleges and incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

264.    Paragraph 264 states a legal conclusion to which no response is required. To the extent a response is required, Boeing admits that, on March 18, 2020, Boeing and Smartwings signed a letter agreement the subject of which was "Deferral of Aircraft Termination Rights." The contents of that agreement speak for themselves. Boeing denies the remaining allegations in Paragraph 264.

265.    Paragraph 265 states a legal conclusion to which no response is required. To the extent a response is required, Boeing admits that Smartwings purported to terminate the purchase of MSN 60134 on October 2, 2020 and MSN 60135 on January 12, 2021. Boeing denies the remaining allegations in Paragraph 265.

266.    Paragraph 266 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 266.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 30

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**C.      Third Claim for Relief – Breach of the Duty of Good Faith and Fair Dealing**

267.      Boeing realleges and incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

268.      Paragraph 268 contains legal conclusions regarding the scope of Washington law to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 268.

269.      Paragraph 269 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 269.

270.      Paragraph 270 contains legal conclusions regarding the obligations arising under the parties' contracts, to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 270.

271.      Paragraph 271 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 271.

272.      Paragraph 272 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 272.

273.      Paragraph 273 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 273.

**D.      Fourth Claim for Relief – Fraud**

274.      Boeing realleges and incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

275.      Boeing denies the allegations in Paragraph 275 as written.

276.      Boeing admits that certain quotations appeared in a 2014 issue of Boeing's Aero publication. Boeing further admits that former Boeing employee Ed Wilson made certain statements regarding the 737 MAX at the 2017 Paris Air Show. Boeing denies the remaining allegations in Paragraph 276.

277.      Boeing denies the allegations in Paragraph 277.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    278.    Boeing denies the allegations in Paragraph 278.

2    279.    Boeing admits that in or about March 2013, it shared a presentation with

3    Smartwings that included the quoted language in Paragraph 279. The contents of the presentation

4    speak for themselves. Boeing denies the remaining allegations in Paragraph 279.

5    280.    Boeing admits that in or about March 2013, it shared a presentation with

6    Smartwings that included the quoted language in Paragraph 280. The contents of the presentation

7    speak for themselves. Boeing denies the remaining allegations in Paragraph 280.

8    281.    Boeing admits that a June 13, 2016 presentation it gave to Smartwings contains the

9    language quoted in Paragraph 281. The contents of the presentation speak for themselves. Boeing

10   denies the remaining allegations in Paragraph 281.

11   282.    Boeing admits that a June 13, 2016 presentation it gave to Smartwings contains the

12   language quoted in Paragraph 282. Boeing denies the remaining allegations in Paragraph 282.

13   283.    Boeing admits that a June 13, 2016 presentation it gave to Smartwings contains the

14   language quoted in Paragraph 283. Boeing denies the remaining allegations in Paragraph 283.

15   284.    Paragraph 284 states a legal conclusion to which no response is required. To the

16   extent a response is required, Boeing denies the allegations in Paragraph 284.

17   285.    Paragraph 285 states a legal conclusion to which no response is required. To the

18   extent a response is required, Boeing denies the allegations in Paragraph 285.

19   286.    Boeing denies the allegations in Paragraph 286.

20   287.    Boeing denies the allegations in Paragraph 287.

21   288.    Paragraph 288 states a legal conclusion to which no response is required. To the

22   extent a response is required, Boeing denies the allegations in Paragraph 288.

23   289.    Boeing admits that a former member of its Flight Technical group sent an instant

24   message with the quoted language in Paragraph 289. Boeing denies the remaining allegations in

25   Paragraph 289.

26

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 32

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

290.     Boeing admits that a former member of its Flight Technical group sent an instant message with the quoted language in Paragraph 290. Boeing denies the remaining allegations in Paragraph 290.

291.     Boeing denies the allegations in Paragraph 291 as written.

292.     Boeing denies the allegations in Paragraph 292.

293.     Boeing denies the allegations in Paragraph 293.

294.     Boeing denies the allegations in Paragraph 294.

295.     Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 295 and therefore denies them. Boeing denies the remaining allegations in Paragraph 295.

296.     Boeing denies the allegations in Paragraph 296.

297.     Boeing admits that the quoted language appears in the March 15, 2013 Configuration Specification for the 737 MAX 7, 8, and 9, which Boeing provided to Smartwings. Boeing denies the remaining allegations in Paragraph 297.

298.     Boeing denies the allegations in Paragraph 298.

299.     Boeing denies the allegations in Paragraph 299.

300.     Boeing denies the allegations in Paragraph 300.

301.     Boeing denies the allegations in Paragraph 301.

302.     Paragraph 302 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 302.

**E.      Fifth Claim for Relief – Material Misrepresentation of Fact**

303.     Boeing realleges and incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

304.     Boeing denies the allegations in Paragraph 304 as written.

305.     Boeing denies the allegations in Paragraph 305.

306.     Boeing denies the allegations in Paragraph 306.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

307.    Boeing denies the allegations in Paragraph 307.

308.    Boeing denies the allegations in Paragraph 308.

309.    Paragraph 309 states a legal conclusion to which no response is required. To the extent a response is required, Boeing denies the allegations in Paragraph 309.

310.    Boeing denies the allegations in Paragraph 310.

311.    Boeing denies the allegations in Paragraph 311.

312.    Boeing admits that it a March 2013 presentation from Boeing to Smartwings includes the language quoted, and the contents of that presentation speak for themselves. Boeing denies the remaining allegations in Paragraph 312.

313.    Boeing denies the allegations in Paragraph 313.

314.    Boeing admits that a June 13, 2016 presentation it gave to Smartwings contains the language quoted in Paragraph 314. Boeing denies the remaining allegations in Paragraph 314.

315.    Boeing admits that a June 13, 2016 presentation it gave to Smartwings contains the language quoted in Paragraph 315. Boeing denies the remaining allegations in Paragraph 315.

316.    Boeing admits that a June 13, 2016 presentation it gave to Smartwings contains the language quoted in Paragraph 316. Boeing denies the remaining allegations in Paragraph 316.

317.    Boeing denies the allegations in Paragraph 317.

318.    Boeing admits that a former member of its Flight Technical group sent an instant message with the quoted language in Paragraph 318. Boeing denies the remaining allegations in Paragraph 318.

319.    Boeing admits that a former member of its Flight Technical group sent an instant message with the quoted language in Paragraph 319. Boeing denies the remaining allegations in Paragraph 319.

320.    Boeing denies the allegations in Paragraph 320 as written.

321.    Boeing denies the allegations in Paragraph 321.

322.    Boeing denies the allegations in Paragraph 322.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 34

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    323.    Boeing denies the allegations in Paragraph 323.

2    324.    Boeing admits that the quoted language appears in the March 15, 2013

3    Configuration Specification for the 737 MAX 7, 8, and 9, which Boeing provided to Smartwings.

4    Boeing denies the remaining allegations in Paragraph 324.

5    325.    Boeing denies the allegations in Paragraph 325.

6    326.    Boeing denies the allegations in Paragraph 326.

7    327.    Boeing lacks knowledge or information sufficient to form a belief as to the truth of

8    the allegations in Paragraph 327 and therefore denies them.

9    328.    Boeing denies the allegations in Paragraph 328.

10    329.    Boeing denies the allegations in Paragraph 329.

11    330.    Boeing denies the allegations in Paragraph 330.

12    331.    Boeing denies the allegations in Paragraph 331.

13    332.    Boeing denies the allegations in Paragraph 332.

14    333.    Paragraph 333 states a legal conclusion to which no response is required. To the

15    extent a response is required, Boeing denies the allegations in Paragraph 333.

16  **F.    Sixth Claim for Relief – Violation of the Washington Consumer Protection Act, RCW 19.86.020**

18    334.    The Court dismissed Smartwings' sixth claim for relief (Violation of the

19    Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by

20    Boeing to any of the allegations in Paragraph 334 to 355.

21    335.    The Court dismissed Smartwings' sixth claim for relief (Violation of the

22    Washington Consumer Protection Act). ECF No. 44 at 2. No response is therefore required by

23    Boeing to any of the allegations in Paragraph 334 to 355.

24    336.    The Court dismissed Smartwings' sixth claim for relief (Violation of the

25    Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by

26    Boeing to any of the allegations in Paragraph 334 to 355.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 35

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

337.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

338.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

339.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

340.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

341.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

342.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

343.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

344.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

345.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

346.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

347.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

348.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

349.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

350.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

351.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

352.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

353.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

354.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraph 334 to 355.

355.    The Court dismissed Smartwings' sixth claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 2, 6. No response is therefore required by Boeing to any of the allegations in Paragraphs 335 to 355.

**G.    Seventh Claim for Relief – Product Liability under the Washington Product Liability Act, RCW Ch. 7.72.**

356.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

357.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

358.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

359.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

360.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 38

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

361.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

362.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

363.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

364.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

365.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

366.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

367.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

368.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 39

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

369.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

370.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

371.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

372.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

373.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

374.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

375.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

376.    The Court dismissed Smartwings' seventh claim for relief (Violation of the Washington Consumer Protection Act). ECF No. 44 at 7. No response is therefore required by Boeing to any of the allegations in Paragraph 356 to 376.

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 40

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## VII.    PRAYER FOR RELIEF

Smartwings' Prayer for Relief does not contain allegations to which Boeing need respond. To the extent a response is required, Boeing denies that Smartwings is entitled to any relief.

## VIII.    BOEING'S AFFIRMATIVE DEFENSES

1.    Plaintiff has stated claims for relief to which the Court has already determined it can be awarded no relief. Additionally, Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Boeing and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from Boeing.

2.    The 737 MAX at issue in this litigation were intended for and sold to a knowledgeable and sophisticated users over whom Boeing had no control or right of control.

3.    If Plaintiff's damages, if any, were proximately caused by the acts or omissions of others over whom Boeing had no control or right of control, those acts or omissions were a superseding and sole, direct, and proximate cause of Plaintiff's damages, if any.

4.    An award or judgment rendered in favor of Plaintiff must be reduced by the amount of benefits Plaintiff received, or is entitled to receive, from any source as a result of this accident.

5.    Some or all of Plaintiff's claims and available damages may be barred by virtue of prior settlements.

Boeing reserves the right to amend or supplement these affirmative defenses.

//

//

//

//

//

//

//

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 41

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    DATED this 14th day of November 2022.    s/ Ulrike B. Connelly

2                                        Harry H. Schneider, Jr., WSBA No. 9404

3                                        Eric B. Wolff, WSBA No. 43047

                                       Eric J. Weiss, WSBA No. 44807

4                                        Ulrike B. Connelly, WSBA No. 42478

5                                        Gregory F. Miller, WSBA No. 56466

                                       Laura C. Hill, WSBA No. 49229

6                                        **Perkins Coie LLP**

7                                        1201 Third Avenue, Suite 4900

                                       Seattle, WA 98101-3099

8                                        Telephone: 206.359.8000

9                                        Facsimile: 206.359.9000

                                       E-mail: HSchneider@perkinscoie.com

10                                      E-mail: EWolff@perkinscoie.com

11                                    E-mail: EWeiss@perkinscoie.com

                                     E-mail: UConnelly@perkinscoie.com

12                                      E-mail: GMiller@perkinscoie.com

13                                      E-mail: LHill@perkinscoie.com

14                                      *Attorneys for Defendant The Boeing Company*

15

16

17

18

19

20

21

22

23

24

25

26

THE BOEING COMPANY'S ANSWER TO
AMENDED COMPLAINT
(No. 2:21-cv-918-RSM) – 42