UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SMARTWINGS, A.S., a Czech Republic Company,<br><br>    Plaintiff,<br><br> v.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>    Defendant. | CASE NO. C21-918 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER RE: DEPOSITIONS |

## I. INTRODUCTION

This matter is before the Court on Plaintiff Smartwings A.S. ("Smartwings")'s "Motion for Protective Order to Preclude Deposition of One Deponent and to Order Four Other Depositions Take Place Remotely or in Europe." Dkt. #61. Defendant The Boeing Company ("Boeing") seeks to depose all five witnesses in the forum jurisdiction, the Western District of Washington. Dkt. #65. Having considered the matter, the Court DENIES the Motion.

## II. BACKGROUND

This matter arises from Smartwings' purchase and leasing of 737 MAX aircrafts and Boeing's alleged wrongful conduct, which Smartwings alleges led to significant damages. Dkt. #40 ("FAC"), ¶¶ 208–11. Smartwings first sued Boeing in Illinois state court in Chicago. Dkt.

ORDER – 1

#61 at 2. On June 22, 2021, Smartwings filed this action in King County Superior Court. Dkt. #1 at 2. Boeing then removed the case to this Court. *See id.*

On February 10, 2023, Boeing requested deposition dates for witnesses Jiři Šimáně, Roman Vik, Jiři Jurán, Pavel Veselý, and Luděk Stašek. Dkt. #66, Declaration of Steve Koh ("Koh Decl."), ¶ 2. The parties cannot agree about the location of the depositions and are at an impasse; Plaintiff Smartwings now seeks the Court's ruling on this matter. Dkt. #61 at 2.

Dr. Šimáně, who has resigned, was the Chairman of Smartwings' Board of Directors since 2010 and remains an investor. Dkt. #63, Declaration of Jiří Jurán ("Jurán Decl."), ¶ 5. Mr. Vik, who has also resigned, served as Smartwings' chief executive officer (CEO) and as a member of its Board of Directors. *Id.* at ¶ 9. Mr. Jurán is currently the CEO of Smartwings and Chairman of its Board. *Id.* at ¶ 1. Mr. Veselý is a captain and former flight operations director at Smartwings. *Id.* at ¶ 14. Mr. Stašek is Smartings' technical director. *Id.* at ¶ 12. All five witnesses live in Prague, Czechia. *See id.*

Smartwings requests the Court exercise its discretion to order (1) Dr. Šimáně not be deposed; (2) depositions be conducted by videoconference, or in the alternative, (3) that depositions occur near where deponents live, which for most deponents is somewhere in Europe. Dkt. #61 at 4.

### III.   DISCUSSION

Under the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotypical and conclusory statements' supporting the need for a protective order." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D.

ORDER – 2

Fla. 2005). (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (requiring demonstration of harm or prejudice that would result from discovery).

### 1. Smartwings Fails to Meet its Burden for a Protective Order

Smartwings seeks a protective order from this Court excusing Roman Vik, Jiři Jurán, Pavel Veselý, and Luděk Stašek from sitting for deposition in the United States. Smartwings asserts that remote depositions are "presumptively valid," citing *Vargas v. Evergreen Prof'l Recoveries, Inc.*, 2:21-cv-00926-RSL-JRC, 2022 WL 856991 (W.D. Wash. Mar. 23, 2022). Smartwings argues that its request is supported by legitimate reasons and that remote depositions present no prejudice to Boeing. Dkt. #61 at 5. Smartwings argues that Roman Vik, Jiři Jurán, Pavel Veselý, and Luděk Stašek face undue burdens if deposed in the United States because in-person depositions will require significant travel time and interfere with work for approximately one week. Dkt. #61 at 5–6.

"Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit." *Cervantes v. City of Des Moines*, No. C06-1714RSM, 2007 WL 9775555, at *1 (W.D. Wash. Oct. 16, 2007) (internal citation omitted); see also *McNutt v. Swift Transportation Co. of Arizona, LLC*, No. C18-5668 BHS, 2020 WL 419487, at *1 (W.D. Wash. Jan. 27, 2020). However, where a plaintiff can show good cause, a court may order the deposition to take place elsewhere. *Id.*; see e.g., *In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 507 (1st Cir. 1982) (indicating that a plaintiff is not compelled to attend a deposition in the forum in which he brought suit if he can show undue burden or expense); see also *Forde v. Urania Transp., Inc.*, D.C.N.Y. 1958, 168 F.Supp. 240, 241 (finding that a plaintiff from Barbados was not compelled to attend a deposition in New York where he lacked the finances to make the journey).

ORDER – 3

Smartwings fails to carry its burden of establishing an undue burden or exceptional circumstances necessary to grant a protective order in this case. Although remote depositions have become more common since the COVID-19 pandemic, this is "not an indication that the Court intends to allow parties to use COVID-19 as *carte blanche* to avoid in-person depositions. Such matters must be determined on a case-by-case basis." *Vargas*, 2022 WL 856991, at *3. Here, Smartwings' reasons regarding the inconvenience of travel fail to meet the standard of an "undue burden" or "exceptional circumstances" required to grant a protective order. There is no evidence that the deponents do not have the ability and means to travel to the United States for their depositions. Smartwings chose to file its suit in the United States, and it has failed to present a compelling reason to deviate from the normal practice of requiring plaintiffs to submit to a deposition in the forum in which they brought suit.

**2. Dr. Šimáně's Deposition**

Smartwings also fails to carry its burden here. Smartwings first seeks a protective order on the basis that, among other things, Dr. Šimáně's advanced age and health conditions are a barrier to his travel to the United States for a deposition. Dkt. #61 at 4. Boeing correctly identifies that neither Dr. Šimáně nor Smartwings provides any evidence of the alleged medical concerns other than unverified statements made by Mr. Jurán. Dkt. #65 at 11. This unsupported assertion does not support good cause.

Secondly, Smartwings argues that "[Dr. Šimáně's] involvement with matters relevant to this lawsuit was limited to participating in settlement discussions." Dkt. #61 at 2; Jurán Decl. ¶ 5. Smartwings argues "he is no longer a member of Smartwings' board and not actively involved in the company, [therefore] Smartwings cannot and should not be ordered to produce Dr. Šimáně for a deposition." Dkt. #61 at 4.  Smartwings' assertions in this Motion, specifically that Dr. Šimáně's involvement in this case was limited to "settlement discussions," do not supersede

ORDER – 4

Smartwings' initial disclosures that Dr. Šimáně "is expected to testify about the following areas: Smartwings' purchase and leasing of 737 MAX aircraft; communications to and from Boeing; the delivery and completion of the aircraft; and damages." Koh Decl., Ex. C at 2–3. Furthermore, Boeing correctly identifies that even if Dr. Šimáně only has knowledge of settlement negotiations regarding the Deferred Termination Agreement, that agreement is at issue in Smartwings' FAC (¶¶ 213–17), and Boeing is therefore entitled to depose him. Smartwings again fails to establish good cause and Dr. Šimáně should be deposed in the United States.

## IV.  CONCLUSION

Accordingly, and having reviewed the Motion and the briefing and the remainder of the record, the Court finds and ORDERS that Plaintiff Smartwings has not shown good cause supporting a protective order and that Smartwings' "Motion for Protective Order to Preclude Deposition of One Deponent and to Order Four Other Depositions Take Place Remotely or in Europe" (Dkt. #61) is DENIED.

DATED this 25th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE